KESSLEN BROS., INC. *vs.* BOARD OF CONCILIATION AND ARBITRATION.

Essex.    May 5, 1959. — May 29, 1959.

Present: WILKINS, C.J., SPALDING, COUNIHAN, WHITTEMORE, & CUTTER, JJ.

*Arbitration.    Labor.    Quasi Judicial Tribunal.    Certiorari.*

Under G. L. c. 213, § 1D, and G. L. (Ter. Ed.) c. 214, § 19, an appeal by the petitioner in a certiorari proceeding from a final judgment for the respondent within twenty days after the entry thereof was timely even though more than twenty days had elapsed since entry of orders sustaining a demurrer to the petition and denying a motion to amend it. [302]

The board of conciliation and arbitration in conducting an arbitration under G. L. c. 150, § 5, as amended, is a quasi judicial tribunal and certiorari is a proper remedy to review the lawfulness of its action. [302]

An award by the board of conciliation and arbitration in an arbitration under G. L. c. 150, § 5, as amended, is binding on the parties in the absence of fraud, even though the board may have committed an error of law or fact in reaching its conclusion. [302–303]

A judgment for the respondent entered after sustaining of a demurrer to the petition in a certiorari proceeding for review of an award by the board of conciliation and arbitration in an arbitration under G. L. c. 150, § 5, as amended, was affirmed on appeal where the petition merely alleged that the award "wrongly concluded as a matter of law on the evidence introduced at the hearing that the petitioner's employees were entitled to . . . [certain] pay" and that the petitioner was "aggrieved by incorrect conclusions of law . . . and by the erroneous award made . . . on the evidence." [303]

PETITION, filed in the Superior Court on January 28, 1958.

A demurrer to the petition was sustained by *Goldberg, J.,* and a subsequent motion to amend the petition was denied by *Macaulay, J.*

*Dean E. Nicholson,* for the petitioner.

*Leo Sontag,* Assistant Attorney General, (*Raymond F. O'Connell* with him,) for the respondent.

WILKINS, C.J.   The first question is whether the appeal
is timely.   A demurrer to this petition for a writ of certiorari
was sustained on July 21, 1958.   On July 31, a motion to
amend the petition was filed.   This motion was denied on
October 6.   On October 15 the petitioner appealed from the
order sustaining the demurrer and the denial of the motion
to amend.   On December 17 that appeal was waived.   On
December 22 judgment was entered for the respondents.
On December 26 the petitioner appealed from the judgment.
This was within the twenty days permitted by G. L. c. 213,
§ 1D,[1] and G. L. (Ter. Ed.) c. 214, § 19.   Hence the appeal
is rightly here.

The board of conciliation and arbitration in the perform-
ance and exercise of its duties is a quasi judicial tribunal.
Certiorari is a proper remedy to review the lawfulness of its
action in hearing a labor arbitration under G. L. c. 150, § 5
(as amended through St. 1938, c. 364, § 2).   Thus a failure
to decide all the material questions submitted has been held
on certiorari to invalidate an award of the board.[2]   *Boott
Mills* v. *Board of Conciliation & Arbitration*, 311 Mass. 223.
In similar proceedings an award of the board has been held
invalid because a report of experts was irregularly received
in evidence without affording the parties an opportunity to
be heard.   *Burns* v. *Thomas Cook & Sons, Inc.* 317 Mass. 398.
In the case last cited, it was said that an award of the board
is to be treated as would an award at common law (page
401).   This means that in the absence of fraud the decision
of the arbitrators is binding even though they may have
committed an error of law or fact in reaching their conclu-
sion.   *Phaneuf* v. *Corey*, 190 Mass. 237, 246–247.   *J. F.
Fitzgerald Constr. Co.* v. *Southbridge Water Supply Co.* 304
Mass. 130, 134, and cases cited.   *Baldwin* v. *Moses*, 319
Mass. 401, 402.   While it is error of law, and not merely
error of fact, to make a finding which is not warranted by

[1] The amendment of St. 1957, c. 155, is presently immaterial.

[2] By express provision in the State administrative procedure act adjudica-
tory proceedings do not include "proceedings for the arbitration of labor
disputes voluntarily submitted by the parties to such disputes."   G. L.
c. 30A, § 1 (1).

the evidence (*A. B. & C. Motor Transp. Co. Inc.* v. *Department of Pub. Util.* 329 Mass. 719, 722), this is not an error which will invalidate the decision of arbitrators, or will lead to quashing the proceedings on certiorari.

In the case at bar the allegations of the petition do not state a case for granting the writ. The petition alleges that the award "wrongly concluded as a matter of law on the evidence introduced at the hearing that the petitioner's employees were entitled to their full vacation pay and holiday pay for May 30, 1957, and your petitioner is aggrieved by incorrect conclusions of law . . . and by the erroneous award made . . . on the evidence introduced at the hearing." These allegations do no more than to assert that there are unspecified errors of law as well as the error of making an erroneous finding on the evidence.

*Judgment affirmed.*