M. S. Kelliher Company *vs.* Town of Wakefield.

Suffolk.   December 2, 1963. — January 8, 1964.

Present: Wilkins, C.J., Spalding, Whittemore, Cutter, & Spiegel, JJ.

*Arbitration.   Contract,* Building contract.

In a proceeding to enforce an award of arbitrators in favor of the contractor in a dispute between the parties to a building construction contract arising from the architect's requiring installation of sixteen different colors of tile and denying the contractor's claim for extra compensation for installing the tile, it was not shown that the arbitrators exceeded their authority in taking jurisdiction of the dispute where all that the record disclosed was the existence and nature of the dispute and provisions of the contract that the colors of the tile should be selected by the architect, that he should decide, among other things, "all claims of the . . . contractor" and "all . . . matters relating to . . . the interpretation of the contract," that his decisions "in matters relating to artistic effect . . . [should] be final, if within the terms of the contract," and that otherwise "all of . . . [his] decisions . . . [should be] subject to arbitration."

Petition filed in the Superior Court on July 6, 1962, for confirmation of an award by arbitrators and for judgment thereon.

The case was heard by *Spring, J.*

*Mario Misci* for the defendant.

*Francis W. Marks* for the plaintiff.

Spalding, J.   The plaintiff and the defendant entered into a written contract dated August 19, 1959, for the construction of a school in the town of Wakefield.   "The masonry section of the contract provided for the furnishing and installation of glazed structural ceramic tile.   The contract called for colored tile, and provided that the colors should be as selected by the architect.   On October 21, 1959, the architect submitted to the plaintiff a color schedule calling for sixteen (16) different colors of tile.   Upon receipt of the color schedule, the plaintiff wrote a letter protesting the number of colors selected and claiming extra compensa-

tion [for installing the tile]." The architect denied the plaintiff's claim. The dispute was referred to arbitration and the plaintiff was awarded the sum of $11,721.25.

After the award was filed in the Superior Court the plaintiff presented a motion to confirm the award and to enter judgment thereon. The defendant presented a motion to set aside the award, contending that it was beyond the authority of the arbitrators to make.

The defendant contended that the court should hear evidence in support of its motion but the judge ruled that he would not hear any evidence. Since no exception was taken to this ruling, it need not concern us. The facts set forth above were established by statements of counsel. The judge entered an order amending the proceedings into an action of law, ordering the entry of judgment upon the award, and denying the motion to set aside the award. To this order the defendant excepted. The defendant also appealed but there is no need to deal with the appeal, for all the questions which the defendant seeks to raise are brought here by the exceptions. The appeal, therefore, is dismissed.

Article 39 of the contract provides: "The architect shall, within a reasonable time, make decision on all claims of the owner or contractor and on all other matters relating to the execution and progress of the work or the interpretation of the contract documents. The architect's decisions, in matters relating to artistic effect, shall be final, if within the terms of the contract documents. Except as above or otherwise expressly provided in the contract documents, all of the architect's decisions are subject to arbitration."

Article 40 of the contract provides: "All disputes, claims or questions subject to arbitration under this contract shall be submitted to arbitration in accordance with the provisions, then obtaining, of the standard form of arbitration procedure of the American Institute of Architects, and this agreement shall be specifically enforceable under the prevailing arbitration law, and judgment upon the award rendered may be entered in the court of the forum, state or federal, having jurisdiction."

M. S. Kelliher Co. *v.* Wakefield.

The defendant assails the award on the ground that it was based upon a matter which was not arbitrable and which in fact had been determined in the manner provided in the contract. More specifically, the defendant contends that the award cannot stand because the number of colors of the tile is a matter relating to artistic effect and hence was for the architect to decide.

So far as appears, the defendant participated fully in the hearings before the arbitrators without protest or reservation of any rights. "All of the contract documents and all of the correspondence between the parties relating to the dispute were before the arbitrators at the time of the hearing." But none of this evidence was before the court or is before us. The arbitrators might have found that the architect's interpretation of the contract documents that he was entitled to call for sixteen different colors without payment of extra compensation was erroneous. If, as the arbitrators might have found, the matter of the number of colors was one involving an interpretation of the contract, it was for the arbitrators, not the architect, to decide.

It is true, as the defendant argues, that the question whether the award was in excess of the authority conferred on the arbitrators is always open. *J. F. Fitzgerald Constr. Co.* v. *Southbridge Water Supply Co.* 304 Mass. 130, 134. But on this meager record there is no basis for holding that the arbitrators exceeded their authority in taking jurisdiction of the dispute. The judge, therefore, did not err in denying the defendant's motion to set aside the award. The defendant, as the excepting party, had the burden of showing error. See *Staples* v. *Collins,* 321 Mass. 449, 452. This it has failed to do.

*Exceptions overruled.*
*Appeal dismissed.*