ALBERT GREENE & others *vs.* MARI & SONS FLOORING COMPANY, INC.

Suffolk.     September 11, 1972. — November 3, 1972.

Present: TAURO, C.J., QUIRICO, BRAUCHER, & HENNESSEY, JJ.

*Arbitration. Labor. Jurisdiction,* Arbitration.

Under a collective bargaining agreement between a union and an employer establishing a grievance and arbitration procedure and providing that the decision of an arbitrator "shall be final and binding on both parties," where a decision by an arbitrator answered the questions submitted to him and was within the scope of the reference, this court, upon appeal from an order of the Superior

Court confirming the award by an employer who had not applied to it for a vacation thereof within the thirty day period prescribed by G. L. c. 150C, § 11, declined to review the case on its merits as to whether the evidence supported the award, and confirmed the order. [562–563]

APPLICATION filed in the Superior Court on October 1, 1971, for confirmation of an award by an arbitrator.

An order confirming the award was entered by *Roy*, J.

*Joseph E. Marino* for the defendant.

*Stephen R. Domesick* for the plaintiffs.

TAURO, C.J.   This action arises out of a dispute concerning a collective bargaining agreement between the plaintiff union and the defendant which was submitted to arbitration.   The defendant appeals from a Superior Court order confirming an arbitration award directing him to rehire one Andrew DeMassi and to pay him lost wages.

DeMassi, a member of the plaintiff union and employed by the defendant, was laid off from work on September 11, 1970.   DeMassi had been appointed shop steward on May 11, 1970, a position which entitled him, under the collective bargaining agreement, to remain on the job until all other workers, except the foreman, had been laid off.   The union and DeMassi failed to notify the defendant of his new post.   The arbitrator ruled, therefore, that the defendant did not violate the collective bargaining agreement by laying off DeMassi and in failing to rehire him up to the date[1] that the company was notified of DeMassi's appointment to the steward post.   The arbitrator did find the defendant in violation of art. IX, § 4, of the collective bargaining agreement in its failure to rehire DeMassi after receipt of notice that he was a shop steward.   Article IX, § 4, states: "In the event of a total temporary layoff the steward will be the first carpenter to be recalled."   The defendant argues that since there was no evidence to show that DeMassi

[1] The company was notified of DeMassi's election as shop steward on November 6, 1970.

was laid off as part of a total temporary layoff, the arbitrator's ruling was not supported by the evidence.

General Laws c. 150C, § 11 (b), inserted by St. 1959, c. 546, § 1, permits a party to an award to apply to the Superior Court to vacate it within thirty days after a delivery of a copy of the award to the applicant. The defendant received a copy of the award on August 11, 1971. The defendant failed to make application to vacate or otherwise modify this award within the prescribed thirty day limit. It is well settled that § 11 (b)'s time limit applies to all attempts to vacate or modify an arbitrator's award which rest on nonjurisdictional claims such as the defendant's argument that the award is not supported by the evidence. Therefore, it is clear that the defendant's application is untimely. See *Sheahan* v. *School Comm. of Worcester,* 359 Mass. 702.

In any event, the limited scope of judicial review over an arbitrator's binding decision precludes a reversal or modification of the arbitrator's finding by the courts unless the award exceeds the terms of the submission. Article XX of the collective bargaining agreement establishes a grievance and arbitration procedure to resolve disputes arising under the agreement. By stipulating that "the decision of the umpire shall be final and binding on both parties," the parties have in effect set up a form of industrial self-government to resolve disputes that arise between labor and management. To effectuate the purpose of this grievance procedure, this court has repeatedly defined its scope of review in the most narrow of terms.

"The function of the court in reviewing decisions of arbitrators in this field is limited to determining whether the arbitrator has acted within the scope of the reference. . . . The question of interpretation of the agreement is for the arbitrator and mere ambiguity in the opinion is not a reason for refusing to enforce the award, even when it permits the inference of a want of authority." *Morceau* v. *Gould-National Batteries, Inc.* 344 Mass. 120, 124.

In asking this court to grant full plenary review on the merits in order to determine whether the evidence supported the arbitrator's award, the defendant ignores the limited scope of judicial review delineated in G. L. c. 150C, § 11, and consistently applied by this court. In *Kesslen Bros. Inc.* v. *Board of Conciliation & Arbitration*, 339 Mass. 301, 302–303, this court said: "[I]n the absence of fraud the decision of the arbitrators is binding even though they may have committed an error of law or fact in reaching their conclusion. . . . [Citations omitted.] While it is error of law, and not merely error of fact, to make a finding which is not warranted by the evidence . . . [citations omitted], this is not an error which will invalidate the decision of arbitrators, or will lead to quashing the proceedings on certiorari."

In the absence of fraud, arbitrary conduct, or procedural irregularity in the hearings, the court's determination is confined largely to whether the arbitrator's award conforms to the terms of the reference submitted to him by the parties. See G. L. c. 150C, § 11. In the instant case, the parties contracted to submit their controversy to an arbitrator for final determination. His decision answered the questions submitted to him and was within the scope of the reference. The parties bargained for his final interpretation of their collective bargaining agreement. They got what they bargained for. "[Where] the arbitrator's decision concerns construction of the contract, the courts have no business overruling him because their interpretation of the contract is different from his." *United Steelworkers of America* v. *Enterprise Wheel & Car Corp.* 363 U. S. 593, 599.

The order of the Superior Court confirming the arbitration award is affirmed. The case is remanded to the Superior Court for further proceedings consistent with this opinion.

*So ordered.*