SCHOOL COMMITTEE OF CAMBRIDGE *vs.* ROLAND LACHANCE & others. February 25, 1975. The Cambridge school committee appeals from a final decree of the Superior Court denying its application to vacate an arbitration award and confirming the award. The committee contends that the award should have been vacated under G. L. c. 150C, § 11(a)(3), because the arbitrator both exceeded his powers and rendered an award requiring the committee to act in violation of G. L. c. 71, § 42A, the school administrator's tenure law. This dispute arose when the president of the Cambridge Teachers' Association filed a grievance pursuant to the collective bargaining agreement then in effect between the school committee and the teachers' association alleging that the reassignment of the outgoing superintendent of schools to fill an assistant headmaster's vacancy at Rindge Technical High School violated art. XII of the collective bargaining agreement. The president contended that the filling of the vacancy with a person who had not applied for the position violated the school committee's duty under art. XII to give due weight to all applications received in response to the posting of the vacancy. Finding that the school committee had violated art. XII, the arbitrator concluded that the assistant headmaster's position should be reposted and applications for the position processed in accordance with the procedures in art. XII. The arbitrator's award was not in excess of his powers. He was authorized to resolve a dispute as to the interpretation or application of the terms of the collective bargaining agreement. G. L. c. 149, § 178K (as in effect prior to St. 1973, c. 1078, § 1). *Kesslen Bros. Inc.* v. *Board of Conciliation & Arbitration,* 339 Mass. 301, 302-303 (1959). *Greene* v. *Mari & Sons Flooring Co. Inc.* 362 Mass. 560, 562-563 (1972). Assuming, without deciding, that removal

of the assistant headmaster and reposting of his position would constitute a "demotion" within the meaning of G. L. c. 71, § 42A, there has been no showing that he is a "principal or supervisor or professional employee performing the duties of a principal or supervisor, by whatever title his position may be known," entitled to the protections afforded by G. L. c. 71, § 42A. Absent such a showing, we do not reach the question whether the arbitrator's award requires the committee to perform an act prohibited by that statute.

*Decree affirmed.*

*Michael R. Coppock* (*Duane R. Batista* with him) for the School Committee of Cambridge.
*Edward P. Sullivan, Jr.,* for the defendants.