CITY OF BOSTON *vs.* PAUL V. MCCARTHY & another. November 14, 1977. While it is true, as asserted by the city, that the question whether the award was in excess of the authority conferred on the arbitrator "is always open for judicial review" (*Trustees of Boston & Me. Corp.* v. *Massachusetts Bay Transp. Authy.,* 363 Mass. 386, 390 [1973]), that rule cannot avail the city here. The arbitrator stated in his award, which was incorporated by reference in the complaint, that the arbitrability of the grievance was itself one of the issues submitted to him by agreement of the parties, and the city concedes the accuracy of that statement in its brief on appeal. We can discern no basis (and none is suggested in the city's brief) for concluding that that issue was one which could not lawfully be made the subject of arbitration. Compare *Dennis-Yarmouth Regional Sch. Comm.* v. *Dennis Teachers Assn.,* 372 Mass. 116, 118-119, 120 (1977). It follows that the arbitrator's decision on that issue was within the scope of the reference to him, and that in the absence of one or more of the other statutory grounds for vacating an award (see G. L. c. 150C, § 11 [*a*]), his decision may not be disturbed. *Morceau* v. *Gould-Natl. Batteries, Inc.,* 344 Mass. 120, 124-125 (1962). *Greene* v. *Mari & Sons Flooring Co.,* 362 Mass. 560, 562-563 (1972). *Trustees of Boston & Me. Corp.* v. *Massachusetts Bay Transp. Authy.,* 363 Mass. at 390. No such other ground is disclosed in the complaint or argued in the city's brief. Nor is there any showing of error in the dismissal of the complaint under Mass.R.Civ.P. 12(b)(6), 365 Mass. 755 (1974), and the resulting denial of an opportunity for the city to be heard on the merits, as the city in its brief has failed to call our attention to any state of facts provable in support of its claim that would entitle it to relief. See *Nader* v. *Citron,* 372 Mass. 96, 98 (1977).

*Judgment affirmed.*

*Paul T. Edgar,* Assistant Corporation Counsel, for the plaintiff.
*James T. Grady* for the defendants.