WACHUSETT REGIONAL DISTRICT SCHOOL COMMITTEE *vs.* WACHUSETT REGIONAL TEACHERS ASSOCIATION. March 2, 1978. It was error to enjoin either arbitration proceeding. The arbitration provisions of the collective bargaining agreement define a "grievance" to include not only "wages, hours, and other conditions of employment" (see *School Comm. of Braintree* v. *Raymond*, 369 Mass. 686, 690-691 [1976]) but also any "violation, misinterpretation or inequitable application of the provisions of this agreement." Both grievants allege violations of the evaluation provisions of the agreement prior to the committee's making its decisions not to reappoint the grievants. See *School Comm. of Danvers* v. *Tyman*, 372 Mass. 106, 114 (1977); *Dennis-Yarmouth Regional Sch. Comm.* v. *Dennis Teachers Assn.*, 372 Mass. 116, 117, 120 (1977); *School Comm. of W. Bridgewater* v. *West Bridgewater Teachers' Assn.* 372 Mass. 121, 122-123, 124-125 (1977); *School Comm. of W. Springfield* v. *Korbut*, 373 Mass. 788, 795-796 (1977). One of the grievants alleges a violation of the provision of the agreement that "[n]o teacher will be removed from the payroll as a result of . . . changes" effected by the committee's introduction of new programs of instruction. Under arbitration provisions such as those already quoted, it is for the arbitrators, not a court, to find the facts, construe the provisions of the agreement, determine whether those provisions have been violated, and determine whether any violations they may find constitute grievances within the meaning of the arbitration provisions of the agreement. *School Comm. of Hanover* v. *Curry*, 369 Mass. 683, 685 (1976). *School Comm. of Danvers* v. *Tyman*, 372 Mass. at 115. *Dennis-Yarmouth Regional Sch. Comm.* v. *Dennis Teachers Assn.*, 372 Mass. at 119 n.4, 120. *School Comm. of W. Springfield* v. *Korbut*, 373 Mass. at 793. *School Comm. of Leominster* v. *Gallagher*, 4 Mass. App. Ct. 195, 197 (1976). If violations and grievances are found, the arbitrators have broad discretion in fashioning appropriate remedies. See *School Comm. of Braintree* v. *Raymond*, 369 Mass. at 691; *School Comm. of Danvers* v. *Tyman*, 372 Mass. at 114; *School Comm. of W. Bridgewater* v. *West Bridgewater Teachers' Assn.*, 372 Mass. at 125-126; *Bradley* v. *School Comm. of Boston*, 373 Mass. 53, 59-60 (1977); *School Comm. of*

*W. Springfield* v. *Korbut,* 373 Mass. at 793, 796-797. Contrast *Boston Teachers Local 66* v. *School Comm. of Boston,* 370 Mass. 455, 464-465, 467-468 (1976). If either arbitrator should render an award which impinges directly on some prerogative of the committee which cannot be lawfully delegated to an arbitrator (see *School Comm. of Hanover* v. *Curry,* 3 Mass. App. Ct. 151, 153, 158-159 [1975], *S.C.,* 369 Mass. at 685; *School Comm. of Braintree* v. *Raymond,* 369 Mass. at 690; *School Comm. of Danvers* v. *Tyman,* 372 Mass. at 111-113; *Dennis-Yarmouth Regional Sch. Comm.* v. *Dennis Teachers Assn.,* 372 Mass. at 117, 120; *School Comm. of W. Bridgewater* v. *West Bridgewater Teachers' Assn.,* 372 Mass. at 122-123; *School Comm. of W. Springfield* v. *Korbut,* 373 Mass. at 794-795), the award can be set aside in subsequent proceedings brought under G. L. c. 150C, §§ 11(a)(3) and 12(a)(2). *School Comm. of Braintree* v. *Raymond,* 369 Mass. at 686-687, 691. *School Comm. of Agawam* v. *Agawam Educ. Assn.,* 371 Mass. 845, 847 (1977). "Unless there is positive assurance that an arbitration clause is not susceptible to an interpretation that covers the asserted dispute, or unless no lawful relief conceivably can be awarded by the arbitrator, an order to arbitrate should not be denied. . . . In this case, no occasion for a stay of . . . arbitration arises merely from the possibility of an arbitrator's award which might purport to intrude into the school committee's inviolate authority. Any threat to the school committee's authority has not matured yet because it is far from clear that the arbitrator[s'] award[s] will encroach on the school committee's exclusive domain." *School Comm. of Danvers* v. *Tyman,* 372 Mass. at 113. *Berkshire Hills Regional Sch. Dist. Comm.* v. *Gray,* 5 Mass. App. Ct. 686, 690 n.3, further appellate review granted, 374 Mass. 834 (1977). The judgment is reversed, and an order is to be entered which directs the parties to proceed to both arbitrations. *School Comm. of Agawam* v. *Agawam Educ. Assn.,* 371 Mass. at 847 n.3.

*So ordered.*

*Brian A. Riley* for the defendant.
*Leo P. McCabe* for the plaintiff.