TRITON REGIONAL DISTRICT SCHOOL COMMITTEE vs. TRITON TEACHERS ASSOCIATION. March 7, 1979. The Triton Regional District School Committee (committee) appeals from a judgment denying its application to vacate an arbitration award and confirming the award. G. L. c. 150C, § 11. There was no error. Of the various grounds of G. L. c. 150C, § 11, upon which the court might have vacated the award, the committee relied on the sole ground that the arbitrator exceeded his powers. G. L. c. 150C, § 11(a)(3). Compare *Trustees of the Boston & Me.*

*Corp.* v. *Massachusetts Bay Transp. Authy.*, 363 Mass. 386, 390 (1973); *School Comm. of West Springfield* v. *Korbut*, 373 Mass. 788, 791 (1977); *Boston* v. *McCarthy*, 5 Mass. App. Ct. 890 (1977). That question is always open for judicial review. *Boston Teachers Local 66* v. *School Comm. of Boston*, 370 Mass. 455, 467 (1976). However, the scope of judicial review is limited and precludes vacating the arbitrator's award unless the arbitrator acted beyond the scope of the reference. *Morceau* v. *Gould-Natl. Batteries, Inc.*, 344 Mass. 120, 124 (1962). *Greene* v. *Mari & Sons Flooring Co.*, 362 Mass. 560, 562 (1972). The Triton Teachers Association (association) demanded arbitration, and the only demand of concern to us is whether the "Committee has violated Article [ ] XI, Section B" of the agreement by causing twenty-five teachers "involved in the team planning to lose preparation time and perform work beyond the teachers' normal workload without reimbursement." The association sought compensation as a remedy for the time so lost. The arbitrator, in finding there were "extra services" which required "extra pay" and by awarding payment of $500 to each teacher who had participated in the extra planning, addressed the issue submitted to him (contrast *Boott Mills* v. *Board of Conciliation & Arbitration*, 311 Mass. 223, 226 [1942]) and acted within the scope of the reference. The committee's objections, although expressed in terms that the arbitrator exceeded his powers under the agreement, are in fact contentions that he committed a variety of errors of law and fact. Compare *School Comm. of West Springfield* v. *Korbut, supra* at 792-793; *Cape Cod Gas Co.* v. *Steelworkers Local 13507*, 3 Mass. App. Ct. 258, 265 (1975). The interpretation of the agreement was a matter for the arbitrator (*School Comm. of Danvers* v. *Tyman*, 372 Mass. 106, 115 [1977]; *Wachusett Regional Dist. Sch. Comm.* v. *Wachusett Regional Teachers Assn.*, 6 Mass. App. Ct. 851 [1978], and cases cited), and, in the absence of fraud, his decision is binding, even though he may have committed an error of law or fact in reaching his conclusion. *Kesslen Bros.* v. *Board of Conciliation & Arbitration*, 339 Mass. 301, 302 (1959). *Morceau* v. *Gould-Natl. Batteries, Inc., supra* at 124. Further, "[i]f violations and grievances are found, the [arbitrator has] broad discretion in fashioning appropriate remedies" (*Wachusett Regional Dist. Sch. Comm.* v. *Wachusett Regional Teachers Assn., supra* at 851, and cases cited) and may award a remedy "which falls short of intruding into the school committee's exclusive domain." *School Comm. of Danvers* v. *Tyman, supra* at 114. *Bradley* v. *School Comm. of Boston*, 373 Mass. 53, 59 (1977).

*Judgment affirmed.*

*Alan Kaplan* for the plaintiff.
*Charles M. Healey, III*, for the defendant.