CITY OF BOSTON *vs.* BOSTON POLICE PATROLMEN'S ASSOCIATION, IN-CORPORATED. May 10, 1979. The plaintiff has appealed from a judgment of the Superior Court which confirmed the award of an arbitrator which was based on his determination that a past practice of granting compensatory time off to the members of the union's grievance committee for time spent by them in processing grievances on their scheduled days off was a condition of employment which, although not expressed in the collective bargaining agreement, constituted a part thereof. See *United Steelworkers of America* v. *Warrior & Gulf Nav. Co.*, 363 U.S. 574, 580, 581-582 (1960); Cox & Dunlop, The Duty to Bargain Collectively During the Term of an Existing Agreement, 63 Harv. L. Rev. 1097, 1116-1117 (1950). 1. There is no merit to the contention that the award exceeded the scope of the reference. Although the arbitrator twice answered in the negative the specific, narrow question which was posed in the written submission, it is clear from his summaries of the respective positions of the parties that the ultimate question which he answered was one of those put to him (without apparent objection) during the course of the hearing before him. See *Morceau* v. *Gould-Natl. Batteries, Inc.*, 344 Mass. 120, 121-127 (1962); *Greene* v. *Mari & Sons Flooring Co.*, 362 Mass. 560, 563 (1972); *Cape Cod Gas Co.* v. *United Steelworkers, Local 13507*, 3 Mass. App. Ct. 258, 265 (1975). Compare *Milwaukee Professional Firefighters, Lo-*

*cal 215* v. *Milwaukee,* 78 Wis. 2d 1, 15-17 (1977). 2. The combination of (a) the paucity of the arbitrator's findings as to the actual language of the agreement, (b) the defendant's denials of many of the allegations of the complaint which purported to set out various provisions of the agreement, and (c) the plaintiff's failure to offer the agreement in evidence at the hearing in the Superior Court leaves us in the position of being unable to say that the arbitrator exceeded the authority entrusted to him under the agreement. Contrast the *Milwaukee* case, 78 Wis. 2d at 18-25. 3. It is clear from the papers reproduced in the record appendix that no question was raised below as to whether the award might impinge on any of the powers conferred on the police commissioner by St. 1906, c. 291, § 11, as amended through St. 1962, c. 322, § 1. See and compare *Paris Paper Box Co.* v. *Boston, ante* 902, 903 (1979).

*Judgment affirmed.*

*Dennis G. Austin,* Assistant Corporation Counsel, for the plaintiff.
*Kevin P. Phillips* for the defendant.