**PAINTERS LOCAL UNION NO. 257,**
**Plaintiff**
**vs.**
**JOHNSON INDUSTRIAL PAINTING CONTRACTOR, Defendant**

**No. 48738**

Superior Court/Suffolk County
Commonwealth of Massachusetts

**April 9, 1982**

**Arthur J. Flamm,** counsel for plaintiff.
**Thomas F. Birmingham,** counsel for plaintiff.
**Michael C. Gilman,** counsel for defendant.

### FINDINGS, RULINGS, ORDER AND MEMORANDUM OF DECISION ON THE PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

#### Introduction

This action is currently before this Court on the plaintiff Painters Local Union No. 257's (Local 257) motion for summary judgment. Local 257's complaint which commenced this action in sum seeks pursuant to G.L. c. 150C, sec. 10 an order confirming an arbitration award to it against the defendant. Local 257 claims in support of its motion that the defendant's failure to file an application either to vacate, modify, or correct the award, as provided by G.L. c. 150C, secs. 11 and 12, within 30 days of notice of the award, estops the defendant from interposing any substantive claims in derogation of the award now. The defendant seeks to vacate the award and has answered and counterclaimed in sum that the arbitrator lacked jurisdiction to make the award against it and thus the 30-day time limit of sections 11 and 12 is not applicable. The defendant also asserts that the award was obtained through fraud or mistake.

#### Facts

A review of the pleadings, discovery and affidavit filed in this action indicate the following facts material and relevant to the claims and counterclaims of the parties. Painters Local Union No. 489 (Local 489) and the defendant (hereinafter "the partnership") signed a collective bargaining agreement in Plattsburg, New York effective June 1, 1979 through May 31, 1981. Section 2(a) of that agreement requires that the partnership, when it is doing work in areas outside the geographical jurisdiction of Local 489, comply with the more favorable provisions either of that agreement or of collective bargaining agreements in effect in those outside areas.

The partnership is part of a so-called "double-breasted" operation owned by one John P. Johnson who is also president of Johnson Painting Corporation (hereinafter "the corporation"). Johnson in his affidavit concedes that he formed the corporation for the purpose of competing for painting contracts in so-called "open shop" areas such as Vermont "where union companies could not competitively bid on the jobs." In July, 1980 the partnership began work on a job in Williamstown, Massachusetts which was completed in December, 1980. Pursuant to sec. 2(a) of the collective bargaining agreement between the partnership and Local 489, the partnership signed a Memorandum of Understanding with Local No. 257 in order to proceed with the job in Williamstown.

Pursuant to the Memorandum of Understanding, the partnership became "bound by" Article II of Local 257's collective bargaining agreement which provides in part that the employer and thus the partnership,

shall not attempt to engage in any work covered by this Agreement

in any area outside of the geographic jurisdiction of the Union, party hereto, through the use or device of another painting business or corporation which such (employer) controls . . . without first consulting with the Brotherhood for the purpose of establishing to the Brotherhood's satisfaction that the use of such device is not for the purpose of taking advantage of lower wages or conditions that are in effect in the home area of such (employer), and if the Brotherhood is not so satisfied, the Union party has the option of cancelling this Agreement.

There is no reference to retroactivity in the Memorandum of Understanding.

Some months earlier the corporation performed a painting contract in Vermont which was completed in July, 1980. Thereafter, Local 257 lodged a complaint with the National Labor Relations Board (hereinafter "NLRB") claiming that the partnership was utilizing the corporation to subvert contracts the partnership had with Locals 257 and 489. In response, the NLRB conducted an investigation and declined to issue a complaint on the grounds that "the two companies are sufficiently separate in their operations and that there is a legitimate double-breasted operation so that it cannot be said that they are **alter ego.**" The NLRB concluded that there was no evidence to show that the corporation was being used to subvert the partnership's contracts with Locals 489 and 257, and thus the corporation was not "required to honor the contracts entered into between (the partnership) and Locals 257 and 489."

The NLRB decision was made on January 20, 1981, the locals appealed, and their appeal was denied on March 23, 1981. Subsequent to the NLRB decision, on February 5, 1981 the partnership received a complaint from an entity known as the Joint Trade Board ("the Trade Board") which was established by Article XIV of the Collective Bargaining Agreement between the partnership and Local 257 in order to resolve disputes between them. The Trade Board informed the partnership that it had violated the Memorandum of Understanding it had signed with Local 257 because of the work it had done in Vermont. The partnership responded to the Trade Board, advising it that the partnership had never performed work in Vermont. The partnership then received another letter from the Trade Board, advising it of a hearing set for February 25, 1981 on Local 257's complaint. The partnership responded by a letter dated February 23, 1981 advising the Trade Board it could not attend the hearing scheduled on that date and enclosed a copy of the January 20, 1981 NLRB decision as its "defense." The partnership also indicated in its letter that "any action taken that will be detrimental to Johnson Industrial Painting Contractors will be contested." Nevertheless, the Board held a hearing as scheduled and made an award against the partnership totalling $9,394.02. This action seeks to enforce that award pursuant to G.L. C. 150C, sec. 10.

**Rulings and Memorandum of Decision**

Pursuant to Mass. R. Civ. P. 56, summary judgment shall be granted "if the pleadings . . . together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." In considering whether a genuine question of fact exists, inferences drawn from underlying facts contained in materials submitted must be viewed in the light most favorable to the party opposing summary judgment. **Hub Associates, Inc. v. Goode,** 357 Mass. 449 (1970). If the materials submitted by the moving party are sufficient to demonstrate that the only issues in the case are questions of law and the party opposing summary judgment fails to establish a genuine issue as to any material fact, then the judge may address the legal issues and dispose of the case by summary judgment. **Framingham Clinic, Inc. v. Zoning Board**

of Appeals of Framingham, Mass. Adv. Sh. (1981) 109, 415 N.E. 2d 840 (1981).

The dispositive issue in this action is whether the Trade Board had jurisdiction to make the award sought to be enforced here. A preliminary issue is whether the 30-day time limit of G.L. c. 150C, sec. 11 precludes the partnership from raising its jurisdictional claims. Chapter 150C, sec. 11 provides in part that:

(a) Upon application of a party, the superior court shall vacate an award if:—(1) the award was procured by corruption, fraud or other undue means; (2) there was evident partiality by an arbitrator . . . (3) the arbitrators exceeded their powers . . . (5) there was no arbitration agreement . . .

(b) An application under this section shall be made within thirty days after delivery of a copy of the award to the applicant . . .

The Court in Greene v. Mari & Sons Flooring Company, 362 Mass. 560, 562 (1972) pointed out that "It is well settled that (G.L. c. 150C) sec. 11(b)'s time limit applies to all attempts to vacate or modify an arbitrator's award which rest on nonjurisdictional claims . . . " In Sheahan v. School Committee of Worcester, 359 Mass. 702, 709 (1971) the Court ruled "when 'the validity of . . . (an) award is challenged not merely on the ground that the arbitrators have made an erroneous decision but upon the ground that they had no right to make any decision at all . . . (or) that the board was not empowered to hear and determine the matter,' that point is open, and 'if authority was lacking, then the award is void.' " J. F. Fitzgerald Construction Company v. Southbridge Water Supply Company, 304 Mass. 130 (1939). The Court has also decided that "the question whether the award was in excess of the authority conferred on the arbitrators is always open." M. S. Kelliher Company v. Wakefield, 346 Mass. 645 (1964).

Although the Court in Sheahan noted that the cases it cited were decided prior to the enactment of G.L. c. 150C, the party opposing summary judgment in the Sheahan case did so subsequent to the enactment of G.L. c. 150C and followed the same course of action as the defendant has in this action. The defendant in Sheahan raised the issue of jurisdiction of the arbitrator at the outset of the proceedings as did the defendant here by its letter dated February 23, 1980. The defendant in Sheahan did not seek an order from the Superior Court to vacate or to stay proceedings on the ground that there was no agreement to arbitrate within the 30-day limit of G.L. c. 150C, sec. 11. Rather, as the defendant has in this action, that defendant in Sheahan filed its motion to vacate the award within 30 days of the plaintiff's application to the Superior Court to confirm its award. In that situation the Court held that it would consider the defendant's answer to the plaintiff's application made in Superior Court as filed within the time limits of c. 150C, sec. 11(b) especially as there was no clear showing on the record of the date notice of the award was received by the defendant. However, the Court in Sheahan questioned the applicability of sec. 11's time limit because of its holding that the fact jurisdiction was lacking to arbitrate the controversy was dispositive. Hence, the award was not enforceable against the defendant.

Local 257 argues that the holding of Sheahan is not applicable to the present situation because the question in Sheahan was whether the arbitrator had authority over the parties ab initio, whereas in this action the defendant partnership had signed a contract with Local 257 agreeing to submit disputes arising under the contract to the Board. The plaintiff argues that the Board in its decision was merely interpreting the provision of the agreement which prohibited the partnership from "attempting to engage in work covered by this agreement, through the use of device of another painting business or corporation."

I disagree with Local 257's assertions here. In this action the partnership and

Local 257 union had previously submitted to the NLRB's determination their dispute as to whether the corporation was a sufficiently separate entity from the partnership so there was not a violation of the agreement between the partnership and Local 257 as a consequence of the work done in Vermont by the corporation. As found above, the NLRB in part based its decision not to issue a complaint on evidence that the corporation and the partnership employed in the main different supervisors and separate payrolls. It found that the operation was a legitimate "double-breasted" one, that the corporation and the partnership were not a single employer and thus the corporation was not required to honor the contracts between the partnership and Locals 257 and 489. Also, clearly, then, the question in this action is whether the Trade Board had jurisdiction over the parties **ab initio.** If the NLRB adjudicated the same questions on the same set of facts as that on which the Trade Board subsequently made its award, then that issue is **res judicata** and the Trade Board award is unenforceable for lack of jurisdiction as the partnership could not be held to have subverted its contract·with Local 257 on account of work done by the corporation in Vermont. The basis for such a result is clearly established in **Davidoff v. Air Surface Coordinators, Inc.,** 98 LRRM 2242. In that case, as in the present one, a plaintiff union attempted to submit to arbitration the identical issue previously adjudicated by the NLRB of whether on the facts there was a single employer. There the Court found that where the NLRB had taken jurisdiction of the matter and made unequivocal findings that "the two companies are separate corporations," and refused to issue a complaint on that ground, and where the union which had brought the complaint had a right to and did appeal, and the decision was affirmed, then the NLRB's ruling pre-empted subsequent arbitration of the issue. In that case the standards for **res judicata** and collateral estoppel were held to have been met in that: (1) the identical issue, decided in the prior action of the NLRB was decisive in the present one, and (2) there was a full and fair opportunity to contest the controlling decision.

The same standard has been met in this action. The NLRB decided that the partnership and the corporation were two separate entities. Local 257 appealed to the NLRB's Office of General Counsel, which affirmed the Regional Director's decision not to issue a complaint, "substantially for the reasons set forth" by the Regional Director. That the doctrine of **res judicata** applies to administrative tribunals and arbitration is also well established in **Davidoff.** "The rule which forbids the reopening of a matter once judicially determined by a competent jurisdiction, applies as well to special and subordinate tribunals, as to decisions of courts," citing **Osterhandt v. Rigney,** 98 N.Y. 222.

This is not a case like that of **United Steelworkers v. American Int'l. Aluminum Corp.,** 334 F. 2d 147 (1964) where the NLRB ordered arbitration to proceed concurrently with an NLRB complaint where there was only a limited similarity between the complaints and where there were separate rights and factual issues to be adjudicated and thus, so any arbitration award would not interfere with or frustrate the NLRB's order. In this case Local 257 was forum shopping. While appealing the adverse decision of the NLRB, it sought to enforce the identical issue through arbitration. It would not further the purposes of arbitration as expressed in **United Steelworkers v. Warrior & Gulf Nav. Co.,** 363 U.S. 574, 580 (1960) "to bring about expeditious and fair decisions without the formality which normally attaches to the judicial decision-making process," to enforce such an award here.

G.L. c. 150C and its time constraints contemplate an agreement between a labor organization and an employer or employers to "submit to arbitration any .. . controversy thereafter arising between parties to the agreement." See G.L. c.

150C, sec. 1. Once a party has been held not to be a party to such an agreement, there is no dispute arising between parties to the agreement to take to arbitration. In the present case, the NLRB ruling clearly held that the partnership could not be considered sufficiently connected with the corporation which did work in Vermont so as to be bound by the contract the partnership signed with Local 257 or vice versa. Hence, the Trade Board lacked jurisdiction to rule on the charges brought against the partnership on January 30, 1981. Thus, under **Sheahan,** the partnership is not precluded from bringing its jurisdictionally-based claim that the Trade Board award should be vacated. Further, on the basis of adjudication of this same dispute by the NLRB prior to the arbitration award, I find that the Trade Board, in this instance, had no authority to make the award, and therefore its award is null and void.

**Order**

For the reasons set out above, I hereby order that plaintiff's motion for summary judgment be denied, and grant summary judgment to the defendant.

**Paul G. Garrity**
**Justice of the Superior Court**