**TAUNTON MUNICIPAL LIGHT PLANT COMMISSION, Plaintiff,**

v.

**PAUL L. GEIRINGER & ASSOCS., Defendant.**

**Civ. A. No. 82–695–N.**

United States District Court, D. Massachusetts.

March 30, 1983.

Peter J. McCue, Withington, Cross, Park & Groden, Boston, Mass., for plaintiff.

Marc Redlich, Widett, Slater & Goldman, Boston, Mass., for defendant.

## MEMORANDUM AND ORDER

DAVID S. NELSON, District Judge.

■ On February 24, 1982, Taunton Municipal Light Plant Commission (Taunton) commenced this cause of action in the Superior Court for the Commonwealth of Massachusetts pursuant to Mass.G.L. c. 251, § 12(a)(3). Taunton moved the Superior Court to vacate paragraph 1(a) Claim No. 9 of an arbitral award rendered by the American Arbitration Association in favor of Paul L. Geiringer & Associates (Geiringer). Thereafter, the defendant filed a petition for removal to federal court based upon diversity of citizenship and also sought the confirmation of the arbitral award. The petition for removal was granted in accordance with the law. 28 U.S.C. § 1332; 28 U.S.C. § 1441. All jurisdictional prerequisites have been met,[1] and review of the arbitrators' decision is properly before this court. See Mass.G.L. c. 251, §§ 11 and 15.

The gravamen of the plaintiff's complaint is that the arbitrators, acting as "contemporary Solomon[s]," disregarded the governing contractual agreement, "and dispensed their own brand of industrial justice" in adjudicating the claims of the parties. I must disagree: A recitation of the facts of the case will illuminate the erroneousness of the plaintiff's averments. This dispute involves a design and construction contract entered into by Geiringer with Taunton. The Agreement for Consulting Engineering Services, dated December 15, 1982, provides for the utilization of Geiringer's consulting engineering services in connection with the expansion of Taunton's power plant facilities. Paragraph 5, page 13 of the contract provides, *inter alia*:

> All questions which may be disputed under this agreement shall be submitted to arbitration by the American Arbitration Association, Boston, Massachusetts, at the choice of either party of this contract according to the rules applicable to the construction industry.

Following the completion of the project, Taunton presented a demand to the American Arbitration Association for the arbitration of certain claims which had arisen between the parties during the performance of the contract. The defendant filed a counterclaim demanding that Taunton pay the monetary balance due under the agreement.

On February 3, 1982, the Award of Arbitrators was issued disposing of the demands submitted by the parties. The source of Taunton's consternation is the arbitral disposition of Claim No. 9 which concerns "as-built drawings." Claim No. 9 of the decision states:

> As Built Drawings: Monetary damages are denied, however[,] it is determined that Taunton Municipal Lighting Plant shall be responsible for obtaining all required as-built drawings (original tracings and 9 sets of prints) from all [of] the prime contractors for delivery to Paul L. Geiringer Associates by May 1, 1982, for assembly with their own as-built drawings in accordance with Scope of Work Item (w) for delivery to Taunton Municipal Lighting Plant by August 1, 1982. It is incumbent upon both parties to perform this duty.[2]

The Consulting Agreement between the parties required that Geiringer "provide 8

---

1. The contention of Taunton that the Court is without jurisdiction has no merit. Taunton claims that the defendant has failed to comport with the jurisdictional amount requirement. Yet, Taunton avers that it will suffer $700,000 in damages if it is required to comply with 1(a) Claim No. 9 of the arbitral award. Specifically, Taunton alleged at arbitration: "Therefore, the damages sustained by Taunton on account of Geiringer's failure to carry out the obligations of its contract and supply as-built drawings is $700,000." See *Taunton Municipal Light Plant Commission v. Paul L. Geiringer & Associates*, No. 1110–0007–78, Brief of the Taunton Municipal Light Plant Commission at 30.

2. "As-built" prints have a number of critical functions, and are indispensable for the operation of the power plant. These drawings are used to locate devices within the plant, for any future construction at the plant, and to explain the system to personnel. Brief of Taunton Municipal Light Plant Commission, *Id.* at 30.

sets of as-built prints and the as-built original tracings to become the property of Taunton Municipal Light Plant Commission together with associated reports." Consequently, Taunton argues that this court should overturn paragraph 1(a) Claim No. 9, since it is incongruous with and violative of the specific provision set forth in the contract.[3]

Furthermore, Taunton has refused to release certain funds placed in escrow by the parties to this dispute. To insure payment of any potential judgment against one of the parties to the arbitral proceeding, Taunton and Geiringer jointly purchased a Money Market Certificate (Jumbo Certificate No. 18000002–8). This certificate was purchased from the Taunton Savings Bank in the sum of $164,449.32, and held in escrow by the bank. The purpose of the certificate is revealed in paragraph 6 of the Stipulation:

> The principal amount together with any accrued interest shall be held pending a decision in the case of *Taunton Municipal Light Commission v. Paul L. Geiringer & Associates* pending before the American Arbitration Association, No. 1110–0008–78, and said amount *shall satisfy any award made by the American Arbitration Association against Paul L. Geiringer & Associates in said case.* [emphasis mine]. The principal amount, together with accrued interest, not used to satisfy any award as aforesaid shall be paid over to Paul L. Geiringer & Associates within (5) days after the delivery of any award to the parties to said arbitration proceeding.

By the very terms of the preceding provision, if no money award resulted from the arbitral proceeding, the funds in escrow were to be turned over to Geiringer within 5 days. No money award resulted from the arbitral proceeding. Yet, the funds remain in escrow. Allen Ross, attorney for Geiringer, has made a demand on the Taunton Savings Bank (February 12, 1982); the demand was repudiated.

▪ Taunton alleges that the arbitrators exceeded the scope of their authority. Therefore, they have refused to comply with paragraph 1(a) Claim No. 9 of the award. Taunton insists that Geiringer obtain all as-built drawings from prime contractors. Geiringer is fully prepared to comply with paragraph 1(a) Claim No. 9 of the arbitral award. Attorney Allen Ross, by a letter dated May 12, 1982, offered assistance to Taunton. He wrote:

> Notwithstanding Geiringer's clear and unambiguous ʹ legal position concerning the Commission's continuing efforts to damage Geiringer by refusing to release the escrow deposit, without waiver of or prejudice to Geiringer's legal position or any rights related thereto, *Geiringer is prepared to cooperate with the Commission and to assist in obtaining the necessary as-built drawings, etc.*

Thus, the litigants are before the court praying for the resolution of this conflict. I am therefore legally constrained to conclude that the arbitrators neither exceeded their powers or authority in the disposition of the claims presented, nor did they violate the terms of the submission presented for arbitration. The decision of the arbitrators unquestionably comported with the requirements of law, the arbitral agreement, fundamental notions of justice and fairness. I am obliged to confirm the arbitral award.

▪ The law governing the confirmation or vacation of arbitral decisions is settled in Massachusetts. The Uniform Arbitration Act mandates the confirmation of arbitral awards save in a few well-established circumstances. *See* Mass.G.L. c. 251, § 12(a)(1–5).[4] It is an immutable principle of law that arbitration awards are viewed

---

3. As to Geiringer's counterclaim, the arbitrators ruled:
   9(b) It is further determined, unanimously, that Paul L. Geiringer Associates' (Respondent) counterclaims are disposed of as follows: Claim for Contract Balance Due: Granted Claim for Costs of Arbitration: Denied
   9(c) It is determined, unanimously, that the Granted in part claims of Taunton Municipal

Light Plant are offset by the Contract Balance Granted of the counterclaim of Paul L. Geiringer and hence, no money is awarded to either party.

4. Chapter 251, § 12(a) provides:
   Vacation of award; grounds; confirmation.
   (a) Upon application of a party, the court shall vacate an award if:

with great deference; this judicial deference extends to the area of remedies. *Courier-Citizen Co. v. Boston Electrograph Union,* No. 77–1056, Slip Op. at 8 (D.Mass. Jan. 19, 1982) (Nelson, J.). Courts restrain themselves from inquiring into the merits of an award for which both parties bargained. *See Peerless Pressed Metal Corp. v. International Union of Electrical Radio & Machine Workers,* 451 F.2d 19, 20 (1st Cir. 1971), *cert. denied,* 414 U.S. 1022, 94 S.Ct. 445, 38 L.Ed.2d 313 (1973). The Supreme Judicial Court of Massachusetts has established the perimeters of judicial review for arbitral decisions. The standard of review is articulated in the case of *Lawrence v. Falzarono,* 380 Mass. 18, 402 N.E.2d 1017 (1980). The court held:

> [J]udicial review of arbitration awards is confined to certain narrow grounds. Arbitration, it is clear, may not award relief of a nature which offends public policy or which directs or requires a result contrary to express statutory provision, or otherwise transcends the limits of the contract of which the agreement to arbitrate is but a part. However, within these bounds and within the limits of the

> (1) the award was procured by corruption, fraud or other undue means;
> (2) there was evident partiality by an arbitrator appointed as a neutral, or corruption in any of the arbitrators, or misconduct prejudicing the rights of any party;
> (3) the arbitrators exceeded their powers;
> (4) the arbitrators refused to postpone the hearing upon sufficient cause being shown therefor or refused to hear evidence material to the controversy or otherwise so conducted the hearing, contrary to the provisions of section five, as to prejudice substantially the rights of a party; or
> (5) there was no arbitration agreement and the issue was not adversely determined in proceedings under section two and the party did not participate in the arbitration hearing without raising the objection; but the fact that the relief was such that it could not or would not be granted by a court of law or equity is not ground for vacating or refusing to confirm the award.

**5.** The Massachusetts Appeals Court expressed a similar deferential view in upholding an arbitral decision. In *Triton Regional District School Committee v. Triton Teachers Association,* 7 Mass.App. 873, 386 N.E.2d 767 (1979), the court ruled:

agreement to submit to arbitration, arbitrators have a broad authority to establish a balance between the parties. If the arbitrators in assessing damages commit an error of law or fact, but do not overstep the limit of the issues submitted to them, a court may not substitute its judgment on the matter.

The preceding standard is buttressed and reiterated in *Trustees of Boston & Marine Corp. v. Mass Bay Transportation Authority,* 363 Mass. 386, 390–91, 294 N.E.2d 340. The Supreme Judicial Court noted:

> If an arbitrator has committed an error of law or fact in arriving at his decision, a court will not upset the finding unless there is fraud involved.... Even a grossly erroneous decision is binding in the absence of fraud.... Where the parties have "received what they agreed to take, the honest judgment of the arbitrator as to a matter referred to him"..., the law is clear that the award is binding, and thus free from judicial interference, in the presence of fraud.[5]

*Id.* at 390–91, 294 N.E.2d 340, *quoting Phaneuf v. Corey,* 190 Mass. 237, 247, 76 N.E. 718 (1906).

> [T]he interpretation of the agreement was a matter for the arbitrator..., and, in the absence of fraud, his decision is binding, even though he may have committed an error of law or fact in reaching his conclusion.... Further, "[i]f violations and grievances are found, the [arbitrator has] broad discretion in fashioning appropriate remedies."

*Id.* at 874, 386 N.E.2d 767, *quoting Wachusett Regional Dist. Sch. Comm. v. Wachusett Regional Teachers Assn.,* 6 Mass.App.Ct. 851, 373 N.E.2d 235 (1978).

*Phaneuf v. Corey,* 190 Mass. 237, 247, 76 N.E. 718 (1906) holds that even a mistaken interpretation of the legal effect of the agreement does not vitiate the arbitral award. The contracting parties received the honest judgment of the arbitrator to whom they agreed to submit the claim for resolution. The *Triton* court reasoned that as long as the arbitrator acts within the scope of reference, he cannot be accused of exceeding his power. 7 Mass.App. at 874, 386 N.E.2d 767; *See also Morceau v. Gould-Nat'l Batteries, Flooring Co.,* 344 Mass. 120, 124, 181 N.E.2d 664 (1962); *Greene v. Mari & Sons Flooring, Inc.,* 362 Mass. 560, 562, 289 N.E.2d 860 (1972).

■ In the case at bar, no error of fact or law was made by the arbitrators, nor did the arbitrators "disregard the law and the arbitral agreement." The arbitrators were not "applying some philosophy of their own" by structuring the remedy required by 1(a) Claim No. 9 of the arbitral award. The arbitrators were not adding "a provision to the agreement for which the parties clearly had not bargained." The arbitrators simply created a remedy which constitutes the method to be used in effectuating their decision. The remedy was an exercise of their broad discretion to strike a balance between the parties by fashioning appropriate remedies. The order directing Taunton to provide Geiringer with the prime contractors' as-built drawings is a valid and reasonable condition precedent to performance by Geiringer (re-delivery of as-built drawings to Taunton). The arbitrators' decision, as reflected in 1(a) Claim No. 9 of the arbitral award, was not an *ultra vires* act. Even if there were an error of law or fact, such error of law or fact would be legally insufficient to set aside the award.[6]

A plain meaning construction of paragraph w of the Scope of Work section (Consulting Agreement) compels me to find that Geiringer is required only to *provide* 8 sets of as-built drawings along with reports to Taunton. The Consulting Agreement does not elucidate any procedure for complying with the preceding contractual obligation. The decision of the arbitrators in no way negates this condition. Geiringer is still required to *provide* these drawings. However, Taunton must first obtain the drawings from all prime contractors and deliver them to Geiringer. Geiringer would then assemble all as-built drawings and deliver them to Taunton. Thus, Geiringer, under the procedure created by the arbitrators, is obliged to *provide* Taunton with all as-built drawings .as required by the consulting agreement. The defendant is ready and willing to *provide* these drawings; the plaintiff has created an obstruction to the defendant's performance. The plaintiff

refuses to abide by the mandate issued by the arbitrators. Consequently, the plaintiff has sown its seeds of discontent and has reaped the consequences for doing so. Too, Taunton has failed to adequately justify why it continues to hold in escrow the money market certificate which it agreed to release to Geiringer if no money award resulted from arbitration. This act is in serious violation of the Stipulation entered into by the parties.

After a careful consideration of the facts and law applicable in this dispute, I hereby grant the defendant's motion for summary judgment. The arbitration award of February 3, 1982 is hereby confirmed. The Taunton Municipal Light Plant Commission is ordered to take all action reasonably necessary to implement the release to Geiringer & Associates or its counsel of the funds (principal and accrued interest) presently held in escrow by the Taunton Savings Bank. *See Stipulation* attached as Exhibit 1 to Geiringer's Application to Confirm Arbitration Award. This shall be effected within 30 days following the date of this order. Predicated upon the foregoing analysis, judgment shall be entered in accordance with this opinion. Be it SO ORDERED.

**6.** *See also Kesslen Bro. v. Board of Conciliation & Arbitration,* 339 Mass. 301, 302, 158 N.E.2d 871 (1959); *School Committee of West Springfield v. Korbut,* 373 Mass. 788, 792, 369 N.E.2d 1148 (1977); *Dane v. Aetna Casualty & Surety Co.,* 369 Mass. 966, 341 N.E.2d 254 (1976); *M.S. Kelliher Co. v. Wakefield,* 346 Mass. 645, 647, 195 N.E.2d 330 (1964).