CITY OF LYNN *vs.* COUNCIL 93, AMERICAN FEDERATION OF STATE, COUNTY, AND MUNICIPAL EMPLOYEES, LOCAL 193. No. 97-P-2389. April 30, 2001. *Arbitration,* Authority of arbitrator, Scope of arbitration, Judicial review. *Municipal Corporations,* Collective bargaining.

The city of Lynn (city) appeals from a Superior Court summary judgment pursuant to G. L. c. 150C, effectively confirming an arbitration award in favor of Council 93, American Federation of State, County, and Municipal Employees, Local 193 (union), a labor organization representing various city employees. We affirm the judgment. The underlying dispute concerns the city's appointment of twelve persons to newly created positions, described in an amendment to the parties' collective bargaining agreement (CBA) as "E-911 regional Call-Takers." The arbitrator's award held that the city violated the seniority provision of the CBA when it "bypassed" city employees within the bargaining unit represented by the union and appointed persons outside of that unit to the new positions. As remedy for the violation, the arbitrator vacated the appointments and ordered the city to fill the vacancies thus created from within the bargaining unit in accordance with the CBA and to make the new appointees whole for any loss of pay or benefits suffered as a result of not originally having been selected.

On appeal, the city acknowledges that it does not seek to revisit the merits of the arbitrator's conclusion that it was required to consider the seniority of bargaining unit employees in making its selections. It claims, however, that it only authorized the arbitrator to declare the rights of the parties with respect to future appointments and that the remedy ordered by him was in excess of his authority.

The city's argument that the arbitrator's authority was somehow limited to declaring the future rights of the parties apparently[1] is premised on its objection to his framing of any issue "which purported to empower the arbitrator to provide any remedy beyond a declaration of the parties' rights." This claim ignores the fundamental principle that the arbitrator's authority is defined by the parties' arbitration agreement or by their joint reference of issues to be decided. See *Greene* v. *Mari & Sons Flooring Co.*, 362 Mass. 560, 562-563 (1972); *School Comm. of W. Springfield* v. *Korbut*, 373 Mass. 788, 792-793 (1977); *Barletta* v. *French*, 34 Mass. App. Ct. 87, 94-95 (1993). In the absence

---

[1]Our record does not contain the union demand for arbitration, the city's response thereto, or a transcript of the arbitration hearing. Our review, therefore, is based entirely on the information in the arbitral award document.

of agreement as to the issues, the parties' underlying agreement controls. The city's unilateral position on the framing of issues is of no moment, except as it preserves its right to resist confirmation of the award. See G. L. c. 150C, § 11(a)(5); *Turner Fisheries, Inc.* v. *Seafood Workers Union I.L.A. 1572-2*, 19 Mass. App. Ct. 925, 927 (1984). The grievance pursued by the union alleged that the city violated the seniority requirement of the CBA and demanded "adherence to the seniority principle, including the awarding of the positions to the [twelve] senior 'inside' candidates. It also sought a make-whole remedy for those [twelve] employees." Implicit in the interim[2] and final awards of the arbitrator is his correct conclusion that the grievance was arbitrable under the parties' arbitration clause which encompassed "any grievance alleging a violation of the contract or concerning [its] application . . . or interpretation." The arbitrator also correctly concluded, both as matter of contract interpretation and as matter of law, that the parties' agreement permitted the ordering of a remedy by the arbitrator. *Wachusett Regional Dist. Sch. Comm.* v. *Wachusett Regional Teachers Assn.*, 6 Mass. App. Ct. 851, 851 (1978) ("[i]f violations and grievances are found, the [arbitrator has] broad discretion in fashioning appropriate remedies"). "To hold otherwise would seriously impair the entire arbitration process." *School Comm. of Needham* v. *Needham Educ. Assn.*, 398 Mass. 709, 714 (1986). Compare *School Comm. of Cambridge* v. *LaChance*, 3 Mass. App. Ct. 710 (1975) (upholding position filling remedy ordered by arbitrator who was authorized to resolve disputes as to interpretation or application of collective bargaining agreement). Given that the issue of remedy was arbitrable, the merits of the remedy chosen by the arbitrator are beyond the scope of judicial review absent grounds for vacation under G. L. c. 150C, § 11. *Chief Administrative Justice of the Trial Ct.* v. *Service Employees Intl. Union, Local 254*, 383 Mass. 791, 794 (1981). See *Lawrence* v. *Falzarano*, 380 Mass. 18, 28-29 (1980).

There is no merit in the city's claim that the award intrudes on its management prerogative and statutory duty to decide matters of public safety. The arbitrator neither limited the city's authority to establish the qualifications and training of the persons to be appointed, nor contravened its obligation under G. L. c. 6A, § 18D, to "establish, staff, and operate" an around-the-clock 911 public answering system. Contrast *Boston* v. *Boston Police Patrolmen's Assoc.*, 403 Mass. 680, 684 (1989). Similarly without merit is the city's claim that the bypassed employees represented by the union were required to sign the demand for arbitration or its suggestion that a new standard of review of arbitration awards should be adopted.

*Judgment affirmed.*

*David F. Grunebaum* for the plaintiff.
*Jennifer Springer* for the defendant.

---

[2]The city notes in its brief that the issue addressed by the interim award, whether the call-takers were represented by the union, was later rendered moot by a decision of the Massachusetts Labor Relations Commission in favor of the union.