**EDWARD L. NEZELEK, INC., Plaintiff,**

v.

**LOCAL UNION NO. 294, AFFILIATED WITH INTERNATIONAL BROTHERHOOD OF TEAMSTERS, CHAUFFEURS, WAREHOUSEMEN AND HELPERS OF AMERICA, Ind., and Anthony Carusone, Agent of Local Union No. 294, Defendants.**

No. 72–CV–190.

United States District Court,
N. D. New York.

May 16, 1972.

Daniel J. Smitas, Albany, N. Y., for plaintiff.

Pozefsky & Tocci, Dominick P. Tocci, Albany, N. Y., for defendants.

## MEMORANDUM-DECISION and ORDER

JAMES T. FOLEY, Chief Judge.

This labor action was removed to this District Court by the defendants, The Local Union and its Business Agent Carusone, from the Supreme Court, State of New York, Albany County. The grounds for removal claimed by defendants was that the subject matter of the State action fell under the original jurisdiction of this Court under the provisions of Section 301(a) of the Labor Management Relations Act of 1947, 29 U.S.C. § 185(a), and there is no challenge to the removal by motion for remand by plaintiff.

In the State action, and here now of course, $100,000.00 money damages are sought against the defendants for alleged breach of a Collective Bargaining Agreement, described as a Labor Agreement by the Union, between the plaintiff and Local Union 294. In the State action, Supreme Court Justice Conway by order dated April 11, 1972, vacated as of April 6, 1972, a temporary restraining order he had granted against the defendant Union's picketing of plaintiff's project at the Capital District Psychiatric Center in Albany, New York. It appears that the picketing by the Union commenced on February 23, 1972, and has continued since and has stopped practically all the work and deliveries at and to this important construction project.

After the removal here, the attorney for the plaintiff obtained from me on April 24, 1972, an order to show cause, returnable May 1, 1972, to direct the defendant Union to submit the dispute concerning the employment of a teamster to do certain described work at the project to Grievance and Arbitration Procedure in accord with the Collective Bargaining Agreement and for a preliminary injunction against the picketing. A temporary restraining order was also sought but on the date the order to show cause was signed upon short notice to counsel for the defendants and after hearing the attorneys in Chambers, I denied the TRO but only on the express condition that the defendant Union permit the pumping out of water at the construction site that the plaintiff's attorney contended seriously was creating a serious undermining condition to the construction and foundation work already done. The attorneys agreed that this arrangement could be worked out despite the presence of the pickets.

The question presented from the admitted background of circumstances has some substance but in my judgment the plaintiff is entitled to prevail and is entitled to the relief sought to direct arbitration and enjoin further picketing at the construction site. The dispute that caused the picketing arose due to the claim of the Local Teamsters Union that the work of picking up mail and miscellaneous materials for the jobsite and for parts-chasing on the jobsite that Local 294 says specifically belonged to its members under the Collective Bargaining Agreement was being performed by members or labor steward of another Union.

It is the Union's position that under the agreement, this dispute about work assignment was one particularly for arbitration and that the Union was at the arbitration table after arbitration arrangements were made when the plaintiff at the last moment refused to arbitrate upon legal advice that there existed a jurisdictional dispute that was not arbitrable. The plaintiff then filed a charge with the National Labor Relations Board of violation by the defendant Union under § 8 of the National Labor Relations Act, as amended, but the Regional Director on March 10, 1972, declined to issue a complaint in the matter or schedule a 10(k) hearing. The plaintiff appealed to the General Counsel of the NLRB but the appeal was denied and the decision of the Regional Director upheld by letter dated April 19, 1972. On March 20, 1972, the plaintiff by telegram had communicated its wishes to arbitrate and requested the removal of the pickets. The Union by letter dated March 22, 1972, advised plaintiff it would not arbitrate stating that plaintiff had been and was in complete violation of the Agreement.

■■■ The questions raised are whether the federal preemption doctrine applies in this situation as the defendants contend to bar the arbitration direction and injunctive relief sought due to the procedure of the plaintiff in resorting to the National Labor Relations Board and, secondly, whether the contractual obligation of the employer and Union not to strike and submit disputes of the kind involved to arbitration continues after the employer as here once refuses to arbitrate, and thereafter agrees to submit demands to arbitration.

In my view, the decision of the plaintiff to seek Board relief in what it considered in good faith was a jurisdictional dispute is not fatal to seek the arbitration channel in accord with the Agreement. The preemption doctrine is not absolute, and the decision of the General Counsel establishes in itself no exclusiveness or preemption of Board jurisdiction as does the removal petition of the Union that the action is one properly under § 301(a) of the Labor Management Relations Act of 1947. As was stated in Smith v. Evening News Assn., 371 U.S. 195, 197, 83 S.Ct. 267, 9 L.Ed. 2d 246, the authority of the Board to deal with an unfair labor practice which also violates a collective bargaining contract is not displaced by § 301, but it is not exclusive, and does not destroy the jurisdiction of courts in suits under § 301. Other rulings that point the same way that mere filing of a complaint with the Board does not prevent courts from deciding whether arbitration clause has been breached and picketing should be enjoined. (See Lodge 1327, Int. Ass'n. of Mach. & A. W. Fraser & Johnston Co., 9 Cir., 454 F.2d 88; Southwestern Bell T. Co. v. Communications Wkrs. of Am. (S.D.Tex.), 324 F.Supp. 830, 833). The defense place their reliance for application of the exclusiveness and preemption of the National Labor Relations Board on the ruling in San Diego Bldg. Trades Council v. Garmon, 359 U. S. 236, 79 S.Ct. 773, 3 L.Ed.2d 775, but the proof of the pudding here that the court does not have to defer to the exclusive competence of the Board is that the Board has declined to exercise jurisdiction and competence. As to the other facet of the problem here concerning the consequences of the failure of the plaintiff to arbitrate, I agree with the plaintiff that it is answered by the Court of Appeals, Second Circuit, in Ice Cream Drivers & Employees U. Local 757 v. Borden, Inc., 433 F.2d 41. That was converse to this situation but the court ruled, and I think the reasoning is pertinent and logically applicable here, that the Union had not lost or waived the right to arbitrate because it breached the no strike clause of the Agreement. In my judgment, Standard Food Products Corp. v. Brandenburg, 2 Cir., 436 F.2d 964, is clearly distinguishable from the issues here because under the terms of the agreement in that case the issues in dispute were never agreed to be arbitrable while here the work dispute is clearly within the arbitration provision,

pursuant to wording "any dispute, difference or grievance arising out of the assignment of work . . . shall be subject to arbitration . . .". Injunctive relief is clearly warranted under the reasoning and ruling in Boys Markets, Inc., v. Clerks Union, 398 U.S. 235, 90 S.Ct. 1583, 26 L.Ed.2d 199, because it is evident picketing is occurring, irreparable injury is being caused the plaintiff, and the plaintiff employer I find will suffer more from the denial of an injunction than will the Union from its issuance. In a letter dated May 3, 1972, the defendants' counsel requests that if an injunctive or restraining order issue it be conditioned in certain respects. The only conditions of the four outlined acceptable in my judgment are the awarding of a counsel fee and the immediate arbitration of the differences. For the preparation and attendance at arranged arbitration with witnesses when the plaintiff refused to arbitrate, the lawyers for the defendants are awarded the sum of $450.00 for counsel fee and expenses. In my judgment, the other conditions are not justifiable to be imposed except that the direction to immediately arbitrate shall be in accord with the relief granted herein to the plaintiff.

The relief sought in the order to show cause to enjoin the striking and picketing and to direct the defendants to proceed with arbitration, which shall be undertaken forthwith, is granted. An order to such effect shall be submitted by the attorney for the plaintiff immediately to me at my Chambers in Albany, and shall be effective immediately upon its service by any person over the age of twenty-one (21) years upon the business agent of the defendant Union, any officer or any duly authorized representative of the defendant Union and the picketing shall cease two hours after such service.

It is so ordered.