DAVID BERMAN *vs.* DRAKE MOTOR LINES, INC.

Suffolk. April 13, 1978. — June 13, 1978.

Present: HALE, C.J., GOODMAN, & GRANT, JJ.

*Labor Union. Arbitration. Jurisdiction,* Preemption by Federal agency. *Contract,* Arbitration.

An allegation in a complaint that an arbitration award was invalid because the arbitration panel as constituted under the provisions of a labor agreement was not an impartial tribunal failed to state a claim upon which relief could be granted. [442–443]

An allegation in a complaint that an arbitration award was invalid because the arbitrators exceeded the authority delegated to them under a labor agreement failed to state a claim upon which relief could be granted where the award appeared on its face to be within the arbitrators' authority and the plaintiff's allegation to the contrary was vague and conclusory. [443]

A court had jurisdiction to consider alleged wrongdoings of a labor union in connection with grievance proceedings instituted under a

labor agreement despite a prior decision of the National Labor Relations Board refusing to issue an unfair labor practice complaint against the union on the basis of the same allegations of wrongdoing. [443-445]

An allegation in a complaint that an arbitration award under a labor agreement was invalid because of misconduct by the plaintiff's union representative failed to state a claim upon which relief could be granted where the plaintiff failed to allege any facts indicating that the union representative's conduct was arbitrary, in bad faith, or discriminatory. [445-446]

CIVIL ACTION commenced in the Superior Court on March 1, 1976.

A motion for summary judgment was heard by *Lynch*, J.

*David B. Cohen* for the plaintiff.

*Herbert Burstein* (*Reuben Landau* with him) for the defendant.

HALE, C.J. In this action the plaintiff seeks damages and injunctive relief for an alleged breach of contract arising out of the defendant's termination of his employment. The plaintiff also seeks a determination by the court whether a prior arbitration award denying a grievance brought by the plaintiff on the matter of his discharge was final and binding on the parties. A Superior Court judge granted summary judgment dismissing the action, and the plaintiff has appealed. The question presented is whether, provided the pleadings and affidavits disclose no genuine issue as to any material fact, the plaintiff's claim for damages is barred as a matter of law by the arbitrators' decision denying the plaintiff's grievance.

From the pleadings and affidavit which were before the judge it appears that during the summer of 1975 the plaintiff was employed by the defendant pursuant to the terms of a labor agreement entered into between the defendant and Local 25 of the International Brotherhood of Teamsters, Chauffeurs, Warehousemen and Helpers of America (the union). The plaintiff's employment was terminated by the defendant on or about August 1, 1975. The

plaintiff considered that his discharge was in violation of the labor agreement because he had been employed by the defendant for a sufficient period of time to acquire seniority status. The defendant took the position that the plaintiff had been hired solely as a "vacation replacement"; therefore, under the terms of the agreement he could not achieve seniority status. The defendant contended that in compliance with the requirements of the labor agreement the plaintiff had been notified of his "vacation replacement" status by a letter sent to both the plaintiff and the union during the probationary phase of the plaintiff's employment. The plaintiff claimed that he had received no notice of his employment status until after the expiration of the supposed probationary period.

The labor agreement under which the plaintiff was employed provided for the creation of a permanent "New England Joint Area Committee" (the committee) which maintained jurisdiction over disputes and grievances involving local unions. The committee members were appointed in equal numbers by the employers and by the local unions involved in the labor agreement. The agreement provided that "[w]here the [committee], by a majority vote, settles a dispute, no appeal may be taken. . . . Such a decision will be final and binding on both parties." At the plaintiff's request the union brought before the committee a grievance challenging the plaintiff's discharge. The committee held a hearing on the grievance, at which the plaintiff was represented by the union. The plaintiff was also given an opportunity at the hearing to state his own position on the discharge which he took advantage of. After the hearing he told a union official that, as far as he could tell, the proceeding went "fine." The committee decided that the plaintiff's discharge was not in violation of the labor agreement, and the grievance was denied.

The plaintiff instituted this action after the denial of his grievance. At approximately the same time he brought charges against the union before the National

Labor Relations Board (N.L.R.B.), alleging that the union had violated sections 7 and 8 of the National Labor Relations Act (N.L.R.A.), 29 U.S.C. § 157 (1970), and § 158 (1970 & Supp. V 1975), by failing in its duty to represent him fairly in the arbitration of his grievance. The acting regional director of the N.L.R.B. refused to issue an unfair labor practice complaint against the union. As reasons for that decision the acting director noted that the N.L.R.B. investigation had revealed neither sufficient evidence to establish that the union had acted in an arbitrary, unfair, or invidious manner in processing the plaintiff's grievance nor any evidence in support of the allegation that the denial of the grievance by union-affiliated committee members was in bad faith. The plaintiff attempted to appeal from that decision to the general counsel of the N.L.R.B. The general counsel denied the plaintiff's application for appeal for the same reasons given by the acting director.

In the present action the defendant brought a motion to dismiss the action for failure of the complaint to state a claim upon which relief could be granted. In support of its motion the defendant alleged that the fact that the plaintiff's discharge was not in breach of the labor agreement had been conclusively determined by the committee and that under the terms of the agreement the parties were bound by that decision. The judge treated the defendant's motion to dismiss as a motion for summary judgment pursuant to Mass.R.Civ.P. 56, 365 Mass. 824 (1974). He ruled that the committee's decision, if found to have been validly rendered, was binding on the parties as a final determination of the propriety of the discharge. The judge then examined and rejected the plaintiff's allegations of procedural infirmity in the proceedings before the committee. He concluded that, as the plaintiff had failed to allege sufficient facts to indicate that the committee's decision was invalid, the present action is barred by the committee's finding of no contractual breach. We concur in the result reached by the judge although, for

the reasons set out in part 3 of this opinion, we arrive at that result by a somewhat different route.

Although State courts have jurisdiction to entertain actions for damages for the wrongful termination of employment covered by a labor agreement, *Humphrey* v. *Moore*, 375 U.S. 335, 343–344 (1964), they will ordinarily not exercise such jurisdiction until the grievance procedures provided for in the labor agreement have been exhausted. *United Steelworkers of America* v. *American Mfg. Co.*, 363 U.S. 564, 566–569 (1960). *Republic Steel Corp.* v. *Maddox*, 379 U.S. 650, 652 (1965). Courts in turn should not undertake to review the merits of the grievance decision rendered by the arbitrator. *Hines* v. *Anchor Motor Freight, Inc.*, 424 U.S. 554, 563 (1976). *Green* v. *Mari & Sons Flooring Co.*, 362 Mass. 560, 563 (1972). The courts do, however, retain the power and obligation to determine whether the grievance decision has been rendered in a procedurally fair manner. *Vaca* v. *Sipes*, 386 U.S. 171, 185 (1967). *Balsavich* v. *Local 170, Intl. Brotherhood of Teamsters*, 371 Mass. 283, 286 (1976). If the court finds that the grievance process has been undermined by unfair procedure or misconduct of the parties, then the employee is relieved of the finality of the arbitrator's decision and may proceed with his action to recover damages for his allegedly wrongful discharge. *Hines* v. *Anchor Motor Freight, Inc.*, 424 U.S. at 567. *Lewis* v. *Greyhound Lines-East*, 555 F.2d 1053, 1054–1055 (D.C. Cir. 1977), cert. denied, 434 U.S. 997 (1978).

1. In the present case the plaintiff alleged that the denial of his grievance was invalid for three reasons. He first claimed that the committee's decision was not final and binding on the parties because the committee as constituted under the provisions of the labor agreement was not an impartial tribunal independent of the parties to the contract. The judge rejected this general allegation as failing to state a claim upon which relief could be granted, and we agree. We view the plaintiff's allegation solely as a challenge to the provisions of the labor agreement

which provide for equal union and employer representation on the committee. The committee involved in this case is identical in structure and function to other arbitration tribunals created for the resolution of contractual disputes under various labor agreements. The courts have consistently deferred to decisions rendered by such committees as final and binding determinations of contractual issues. See *Humphrey* v. *Moore, supra; General Drivers Local 89* v. *Riss & Co.,* 372 U.S. 517 (1963); *Warren* v. *International Brotherhood of Teamsters,* 544 F.2d 334 (8th Cir. 1976). We see no reason to reach a different result based on the plaintiff's allegations in this case.

2. The plaintiff claimed next that the committee's decision was invalid because it was in excess of the authority delegated to the committee under the agreement. The judge ruled that although the court had jurisdiction to determine whether the committee's decision was within its delegated authority, *Boston Teachers Local 66* v. *School Comm. of Boston,* 370 Mass. 455, 467 (1976), no substantial question on that matter was involved in this case because the plaintiff's allegation was, as the judge found, merely "a conclusory statement, made without any allegations of facts." The plaintiff has not contested the judge's ruling on this issue on appeal. As the committee's decision appears on its face to have been within its delegated authority under the contract, and as the plaintiff's allegations that the committee exceeded that authority were at best vague and conclusory, we hold that the judge was right in ruling that the plaintiff's allegation failed to state a claim upon which relief could be granted on the ground alleged. See *Community Natl. Bank* v. *Dawes,* 369 Mass. 550, 555–556 (1976).

3. The plaintiff lastly claimed that the committee's decision was invalid because it was rendered pursuant to illegal procedures and fraud. In support of that claim the plaintiff in his affidavit alleged that at the committee hearing his union representative had, over the plaintiff's objection, produced at the committee's request a letter

which purported to inform the union of the plaintiff's "vacation replacement" status. The representative admitted having received the letter sometime prior to the expiration of the plaintiff's probationary period. The plaintiff argued that the letter was either illegal or fraudulent, and he considered that its introduction in evidence at the hearing tainted the committee's decision.

The judge found that, although the present case had been lodged against the employer, the claim of illegal or fraudulent procedure was in substance identical to the unfair labor practice charges which the plaintiff had earlier filed against the union with the N.L.R.B. The judge noted that he was not barred from considering allegations of fraudulent or illegal procedure solely because the conduct might also be characterized as an unfair labor practice under the N.L.R.A. *Smith* v. *Evening News Assn.*, 371 U.S. 195 (1962). Nevertheless, he concluded that because the N.L.R.B. and its general counsel had refused to issue a complaint based on essentially the same allegations of wrongdoing as were made in the present action, the court's jurisdiction to determine whether such wrongdoing occurred was preempted by the N.L.R.B.'s determination of the matter, and the plaintiff's complaint must be dismissed for failure to state a claim upon which the court's jurisdiction could be exercised.

We do not concur in the judge's ruling that the court's jurisdiction to consider the plaintiff's claims of wrongdoing was preempted by the N.L.R.B.'s decision. The general counsel of the N.L.R.B. has unreviewable discretion to refuse to institute an unfair labor practice complaint, *United Electrical Contractors Assn.* v. *Ordman*, 366 F.2d 776 (2d Cir. 1966), cert. denied, 385 U.S. 1026 (1967), and there may be situations where the N.L.R.B. is unwilling or unable to remedy conduct which amounts to a breach of the union's duty of fair representation. See *Vaca* v. *Sipes*, 386 U.S. at 182–183. Were we to hold that the N.L.R.B.'s refusal to issue an unfair labor practice complaint against the union preempted the court's jurisdic-

tion to consider allegations of wrongdoing, then an employee injured by the arbitrary or discriminatory processing of his grievance could conceivably be denied an otherwise available forum for consideration of both the legality of the grievance proceedings and the merits of the underlying contractual claim. *Vaca* v. *Sipes*, 386 U.S. at 182. *Smith* v. *Local 25, Sheet Metal Workers Intl. Assn.*, 500 F.2d 741, 747 (5th Cir. 1974). We consider that the better view in this circumstance is that the court may exercise its jurisdiction to consider the legality of the grievance proceedings despite the prior N.L.R.B. decision against bringing a complaint on the same subject matter. *Peltzman* v. *Central Gulf Lines, Inc.*, 497 F.2d 332, 334 (2d Cir. 1974), cert. denied, 423 U.S. 1074 (1976). *Edward L. Nezelek, Inc.* v. *Local 294, Intl. Brotherhood of Teamsters*, 342 F. Supp. 507, 509 (N.D.N.Y. 1972). Cf. *Balsavich* v. *Local 170, Intl. Brotherhood of Teamsters*, 371 Mass. at 287 n.5.

Nevertheless, we concur with the judge's decision to grant summary judgment on this aspect of the case despite the plaintiff's claims of fraud and illegality in the arbitration of his grievance. The plaintiff must make more than conclusory allegations of union misconduct in order to state a claim of breach of the union's duty of fair representation so as to undermine the finality of the arbitrator's denial of the plaintiff's contractual claim. See *Augspurger* v. *Brotherhood of Locomotive Engineers*, 510 F.2d 853, 859 (8th Cir. 1975). Violation of the union's duty of fair representation is established only when the plaintiff produces substantial evidence of arbitrary, bad faith, or discriminatory conduct in the union's representation of his grievance. *Vaca* v. *Sipes*, 386 U.S. at 190. *Amalgamated Assn. of Street Ry. & Motor Coach Employees* v. *Lockridge*, 403 U.S. 274, 299 (1971). In the present case the plaintiff's allegations of fact fall far short of indicating a violation of the union's duty of fair representation. We need not determine whether the union representative erred in producing the disputed letter before the committee. Assuming that the union made a judgmental error in

referring to the letter concerning the plaintiff's probationary status and producing it at the committee's request, such an error was not the equivalent of arbitrary, bad faith, or discriminatory representation. Compare *Warren* v. *International Brotherhood of Teamsters*, 544 F.2d at 341; *Hardee* v. *North Carolina Allstate Services, Inc.*, 537 F.2d 1255, 1258 (4th Cir. 1976); *Walters* v. *Roadway Express, Inc.*, 557 F.2d 521, 526 (5th Cir. 1977); *Russom* v. *Sears, Roebuck & Co.*, 558 F.2d 439, 442 (8th Cir.), cert. denied, 434 U.S. 955 (1977). As the plaintiff failed to allege any facts which would indicate that the grievance determination was rendered fraudulently, the plaintiff's allegations of misconduct by his union representative were insufficient to state a claim which would undermine the apparent validity of the grievance decision. See *Cape Cod Gas Co.* v. *Steelworkers Local 13507*, 3 Mass. App. Ct. 258, 261 (1975).

We conclude that the plaintiff has failed to allege sufficient facts to indicate that the arbitration award was void, and we hold that the committee's determination that the plaintiff's discharge was not in violation of the labor agreement was binding on the plaintiff. The judgment is to be modified so as to declare that the plaintiff's claim for damages is barred by the arbitrators' award, and, as so modified, is affirmed.

*So ordered.*