PAINTERS DISTRICT COUNCIL No. 35 *vs.* J.A.L.
PAINTING, INC.

Suffolk.    November 7, 1980. — April 16, 1981.

Present: HALE, C.J., ROSE, & KASS, JJ.

*Labor,* Arbitration.  *Arbitration,* Award, Authority of arbitrator,
Damages, Vacating award.

An arbitration award by a joint trade board established by a contract
as a permanent part of the contract administration process was not
rendered invalid by the fact that it was presented in letter form and
signed only by the secretary of the board. [700-701]
A party to a contract was barred by G. L. c. 150C, § 11, from bringing a
motion to vacate an arbitration award after the expiration of thirty
days from its receipt of the award. [701]
That an arbitration panel relied on an oral assertion without requiring
corroboration of the assertion by a written document did not invali-
date its award in the absence of a showing of fraud. [701]
An arbitration board established by a contract did not exceed its authority
under the contract by granting damages which were punitive in
nature. [701-702]

CIVIL ACTION commenced in the Superior Court Depart-
ment on May 2, 1979.

The case was heard by *Adams,* J.

*David H. Gibbs* for the defendant.

*Paul F. Kelly* for the plaintiff.

ROSE, J.  This is an appeal from a judgment entered in the
Superior Court confirming an award of an arbitration
panel.  On or about October 4, 1978, the appellant, J.A.L.
Painting, Inc. (J.A.L.), entered into a memorandum of un-
derstanding with the Painters District Council No. 35 (D.C.
35) which required that J.A.L. abide by the terms and
conditions of an existing labor agreement (Area Contract)
between D.C. 35 and the Painting and Decorating Contrac-

tors of Eastern Massachusetts, Inc. The purpose of the agreement was to protect D.C. 35 members from competition when J.A.L. employees were assigned work within D.C. 35's jurisdiction.[1] In part, the Area Contract provided for the establishment of a joint trade board (board), comprised of an equal number of employer representatives and employee representatives, empowered to adjudicate grievances, assess damages and issue binding decisions.

In a letter dated January 22, 1979, J.A.L. was notified by the board that D.C. 35 had filed a complaint charging J.A.L. with several violations of the Area Contract, and that a hearing would be held on January 30, 1979. The letter specified the violations alleged by D.C. 35. Leo Xarras, the treasurer of J.A.L., appeared at the hearing. Subsequently, in a letter to J.A.L. dated January 31, 1979, and signed by the secretary of the board, J.A.L. was informed that it had been found "guilty" of five charges.[2] Additionally, J.A.L. was assessed damages in the amount of $8,119.72 and was placed in a "risk pool" which required J.A.L. to post a $5,000 bond to insure payment of fringe benefits.

On May 2, 1979, D.C. 35 filed an action under G. L. c. 150C, § 10, to confirm the board's award. Subsequently, J.A.L. filed a motion to vacate the award. After hearing, a judgment was entered confirming the award. On appeal J.A.L. takes the position that the form of the award was defective, thereby invalidating the award, and that, in the alternative, it was denied a fair hearing due to the misconduct and partiality of the arbitration board.

---

[1] J.A.L. was already a party to an agreement with Local 48 in Worcester County. D.C. 35's jurisdiction encompassed areas outside of Worcester County.

[2] J.A.L. was found to have:

1) failed to register four jobs;
2) paid below the required rate to two apprentice painters;
3) failed to advise D.C. 35 of the hiring of new employees;
4) improperly employed twelve men on January 7, 1979;
5) subcontracted work to a nonsignatory contractor.

*Validity of award.* J.A.L. contends that because the decision of the board was signed only by the secretary of the board and was presented in letter form, a valid arbitration award was not issued by the board. It was sufficient for the board to render its decision in the form of a letter rather than in a more formal memorandum. See *Del Bianco & Associates* v. *Adam*, 6 Ill. App. 3d 286, 295-296 (1972), cert. denied, 410 U.S. 955 (1973). Arbitration is intended to bring about expeditious and fair decisions without the formality which normally attaches to the judicial decision making process. *United Steelworkers* v. *Warrior & Gulf Nav. Co.*, 363 U.S. 574, 580-582 (1960). The fact that J.A.L. was a party to an agreement to arbitrate, and attended and participated in the January 30 hearing without objection, provides persuasive evidence that J.A.L. would have recognized the January 31 letter as the decision of the arbitrators.

Nor does the fact that the letter was signed by the secretary of the board, and not by each member of the panel, invalidate the award. The arbitration board established by the Area Contract differs from the typical ad hoc arbitration tribunal generally provided for in collective bargaining agreements. See Elkouri & Elkouri, How Arbitration Works 69 (3d ed. 1973). In contrast to the typical three-member arbitration panels which are selected after a dispute arises, the board consists of twelve members and is a permanent part of the contract administration process. The requirement to elect a secretary-treasurer evidences an intention to establish a mechanism whereby the secretary has authority to sign on behalf of the twelve individual members (the usual arbitration panel has no such recording officer). The signature of the secretary acting in his representative capacity was tantamount to the signature of the individual members whose individual decisions the secretary had recorded. It would unduly encumber the arbitration board's decision making process to require that the decision recorded by the secretary be circulated to all twelve members for their individual signatures. This is especially

so having in mind the wide geographic area represented on the board: all counties in Massachusetts lying east of Worcester County, as well as part of Rhode Island and New Hampshire. We conclude, therefore, that the secretary's signature was sufficient to meet the requirements of c. 150C, § 7, and that a valid award was delivered to J.A.L. on February 2, 1979.

Having received a valid award on February 2, 1979, J.A.L. was required, by the terms of c. 150C, § 11, to move to vacate the award within thirty days after receiving delivery of the award. *Greene* v. *Mari & Sons Flooring Co.*, 362 Mass. 560, 562 (1972). By not filing its motion to vacate until May 14, 1979, well after the expiration of the thirty-day period, J.A.L. was barred from bringing its motion to vacate.

We find no merit to J.A.L.'s argument that it was deprived of a fair hearing due to the board's partiality. That an arbitration panel relies on an oral assertion without requiring introduction of a written document to corroborate the assertion does not invalidate the decision of the arbitrators. *Greene* v. *Mari & Sons Flooring Co.*, *supra* at 563. Absent fraud, the manner in which an arbitration tribunal reaches a decision is of no relevance on review. *School Comm. of Holyoke* v. *Duprey*, 8 Mass. App. Ct. 58, 62 (1979).[3]

*Damages.* J.A.L. argues that the arbitration panel exceeded its authority by granting damages which were punitive in nature. An arbitrator has broad authority in awarding relief as long as the relief does not offend public policy, require a result contrary to statute or "transcend[ ]

---

[3] The appellant's citation of *Berman* v. *Drake Motor Lines, Inc.*, 6 Mass. App. Ct. 438 (1978), is inapposite. In *Berman* an individual employee sued his former employer for damages after exhausting the grievance arbitration process. This court, on review, was concerned in part with whether the arbitration award previously rendered barred the plaintiff's claim or whether the union representing the plaintiff during arbitration breached its duty of fair representation so as to undermine the finality of the arbitration award. The case currently before the court does not raise the same considerations.

the limits of the contract of which the agreement to arbitrate is but a part." *Lawrence* v. *Falzarano*, 380 Mass. 18, 28 (1980).[4] An error of law or fact by an arbitrator in assessing damages is not by itself sufficient to permit this court to substitute its judgment for that of the arbitrator. *Lawrence* v. *Falzarano, supra* at 28-29. Considering the strong public policy favoring arbitration, and the fact that the arbitration board applied the formula agreed to by the parties, we conclude that the board did not exceed its authority in its award of damages.

*Judgment affirmed.*

---

[4] Although *Lawrence* v. *Falzarano, supra*, concerned commercial arbitration under the Uniform Arbitration Act, G. L. c. 251, and not labor arbitration under G. L. c. 150C, the relevant statutory provisions in c. 251 track the statutory language of c. 150C.