PAINTERS LOCAL NO. 257 vs. JOHNSON INDUSTRIAL
PAINTING CONTRACTORS.[1]

Suffolk.    March 15, 1983. — May 23, 1983.

Present: ARMSTRONG, CUTTER, & SMITH, JJ.

*Res Judicata. Contract,* Arbitration. *Arbitration,* Authority of arbitra-
tor, Vacating award.

A decision by the National Labor Relations Board declining, as a matter
    of administrative discretion and without benefit of adversary pro-
    ceedings, to issue a complaint on behalf of a labor union alleging
    subversion of the terms of certain collective bargaining agreements did
    not preclude an arbitration board from reopening the same issues
    presented by the union's complaint. [70-71]
In an action by a labor union for confirmation of an arbitration award in
    its favor, the employer's counterclaim, filed more than four months
    after the arbitration board's decision, seeking to vacate the award on
    the ground that the board lacked jurisdiction to make the award was
    not subject to the thirty-day filing requirement of G. L. c. 150C, § 11
    (*b*), and, where a memorandum giving the board the right to arbitrate
    disputes between the parties was not executed until after the disputed
    activities had occurred, the board exceeded its authority in taking
    jurisdiction of the matter. [71-73]

CIVIL ACTION commenced in the Superior Court Depart-
ment on June 9, 1981.

The case was heard by *Garrity,* J., on motion for sum-
mary judgment.

*Thomas F. Birmingham* for the plaintiff.

*Mark A. McCue (Michael C. Gilman* with him) for the
defendant.

SMITH, J.    Painters Local No. 257 (Local 257) brought a
complaint in the Superior Court seeking an order confirm-

---

[1] The defendant appears to be a partnership but no question has been raised
regarding the lack of joinder by the plaintiff of the individual partners.

ing an arbitration award in its favor against a contractor, Johnson Industrial Painting Contractors (Johnson Industrial). G. L. c. 150C, § 10. The defendant counterclaimed, seeking an order vacating the award on the grounds that the arbitration board lacked jurisdiction to make the award and that it was obtained through fraud and mistake. Local 257 filed a motion for summary judgment. The judge granted, on his own, summary judgment in favor of Johnson Industrial and vacated the award. See Mass.R.Civ.P. 56(c), 365 Mass. 824 (1974) ("Summary judgment, when appropriate, may be rendered against the moving party"). The judge ruled that the arbitration board lacked jurisdiction to render a decision. Although Johnson Industrial had not filed its counterclaim to vacate the award within the thirty-day period prescribed by G. L. c. 150C, § 11(*b*), the judge considered that the counterclaim was nonetheless timely. An order entered vacating the arbitration award. Local 257 has appealed from the ensuing judgment.

In order to provide a background for our discussion, we summarize the relevant undisputed facts supplemented, where appropriate, by other undisputed facts in the record. In 1979, Johnson Industrial signed a collective bargaining agreement with Painters Local No. 489 of Plattsburgh, New York (Local 489). A provision of that agreement required that Johnson Industrial, when performing work in areas outside the geographical jurisdiction of Local 489, comply with the more favorable provisions of that agreement or of collective bargaining agreements in force in those outside areas. After the agreement had been signed, Johnson Painting Corporation (Johnson Painting), a corporation owned by the president of Johnson Industrial and formed for the purpose of competing for painting contracts in open shop areas where union companies could not competitively bid on jobs, undertook work in Bennington, Vermont. Johnson Painting did not pay its employees according to the union scale of wages. The site of the work was outside the geographical jurisdiction of Local 489 but within the jurisdiction of Local 257. The work was completed by John-

son Painting on July 14, 1980. On July 16, 1980, Johnson Industrial commenced work at a site in Williamstown, also within the jurisdiction of Local 257. In order to proceed with the job in Williamstown, Johnson Industrial signed a document, on August 13, 1980, entitled "Memorandum of Understanding" (memorandum) with Local 257. The document adopted, in essence, the collective bargaining agreement between Local 257 and certain western Massachusetts painting contractors.

After the signing of the memorandum, Local 257 filed a complaint with the National Labor Relations Board (NLRB), alleging that Johnson Industrial was utilizing Johnson Painting to subvert the terms of the collective bargaining agreements that Johnson Industrial had signed with Locals 257 and 489. After an investigation, the regional office of the NLRB refused to issue its own complaint, holding that Johnson Industrial and Johnson Painting were two separate entities. An administrative appeal to the general counsel for the NLRB was dismissed on similar grounds.

After that order of dismissal was issued by the regional office, Local 257 filed charges with the Joint Trade Board (trade board) against Johnson Industrial, alleging that the work performed by Johnson Painting in Bennington, Vermont, was in several respects in violation of the collective bargaining agreement. The trade board was an entity established by the terms of the collective bargaining agreement to resolve any disputes that might arise between Local 257 and signatory contractors, including Johnson Industrial. The trade board duly notified Johnson Industrial that a hearing on the complaint was scheduled for February 25, 1981. Johnson Industrial responded by letter that it had never performed any work in Vermont. Later Johnson Industrial, in another letter, advised the trade board that it could not attend the scheduled hearing and enclosed a copy of the NLRB decision as its "defense." It also indicated in the letter that "any action taken that will be detrimental to Johnson Industrial . . . will be contested." The trade

board held its scheduled hearing, and by a decision dated February 27, 1981, found that Johnson Industrial had violated its collective bargaining agreement with Local 257 as a result of the work performed in Vermont. The trade board ordered an award of money and costs against Johnson Industrial. This action to confirm the award followed.

The judge, in allowing summary judgment for Johnson Industrial, ruled that the trade board lacked jurisdiction to render a decision because the decision issued by the NLRB was akin to a final judgment entered by a court and that, in accordance with principles of issue preclusion, the proceedings barred the subsequent reopening of the same issues before the trade board. The judge reasoned that Local 257 sought in the arbitration proceeding resolution of the same issues that had been presented by the complaint filed with the NLRB, and that the NLRB investigation and review process had provided a fair and adequate opportunity to contest the actions of Johnson Industrial and Johnson Painting. We agree that the trade board lacked jurisdiction, but disagree with the reasoning of the judge that led him to that conclusion.

Undoubtedly, there are circumstances in which an issue may be fully and fairly litigated before the NLRB or a similar administrative board, thus barring relitigation of the same issue. *United States* v. *Utah Constr. & Mining Co.,* 384 U.S. 394, 418-422 (1966). *Paramount Transp. Sys.* v. *Chauffeurs Local 150,* 436 F.2d 1064 (9th Cir. 1971). That was not the case with respect to the present controversy. The record before us is devoid of any indication that the NLRB, during either the regional investigation or appellate review process, conducted any form of adversary hearing or afforded the parties any opportunity to contest the merits of Local 257's complaint. Indeed, the decision by the NLRB to decline to issue a complaint on behalf of Local 257 was a matter of administrative discretion, not subject to judicial review. *United Elec. Contractors Assn.* v. *Ordman,* 366 F.2d 776 (2d Cir. 1966), cert. denied, 385 U.S. 1026 (1967). To hold that such a determination, rendered

without benefit of adversary proceedings, could preclude further efforts to resolve the issues raised goes beyond settled principles by affording to a discretionary administrative decision the weight ordinarily reserved to a final judgment entered by a court of competent jurisdiction. See Restatement (Second) of Judgments 2d §§ 19, 27 (1982); *Bradford* v. *Richards,* 11 Mass. App. Ct. 595, 597 (1981), and cases cited. We hold that the procedure before the NLRB undertaken in this case, by itself, did not preclude the trade board from deciding the matter if it had jurisdiction. *International Union of Elec., Radio & Mach. Workers* v. *General Elec. Co.,* 407 F.2d 253, 264 (2d Cir. 1968), cert. denied, 395 U.S. 904 (1969). *Edna H. Pagel, Inc.* v. *Teamsters Local 595,* 667 F.2d 1275, 1279-1281 (9th Cir. 1982). See also *Paramount Transp. Sys., supra* at 1066; *Hospital & Inst. Workers Local 250* v. *Marshal Hale Memorial Hosp.,* 647 F.2d 38, 41-42 (9th Cir. 1981). Cf. *Berman* v. *Drake Motor Lines,* 6 Mass. App. Ct. 438, 444-445 (1978).[2]

Anticipating that we might rule that the judge's rulings with respect to the effect of the NLRB decision on the jurisdiction of the trade board were erroneous, both parties have urged this court to make a decision on the matter without a remand to the Superior Court. Local 257 contends that this court should enter summary judgment in its favor because (1) Johnson Industrial's counterclaim, by which it sought to have the arbitration award vacated, was not timely filed and (2) that it was premised on grounds insufficient as matter of law. Johnson Industrial argues that

---

[2] In *Berman, supra,* an employee's grievance was denied by the arbitration board established by the collective bargaining agreement. Subsequently, he brought charges of an unfair labor practice to the NLRB, which refused to issue a complaint. He then brought an action in the Superior Court. This court held that the NLRB action did not preempt the jurisdiction of the Superior Court to hear the same claim. We perceive no distinction raised by the differing procedures followed by the plaintiff in *Berman* and by Local 257 in this case that would mandate a different outcome here.

summary judgment was properly entered in its favor on either of two alternative grounds not reached by the judge below. They suggest that the trade board was without jurisdiction to arbitrate the instant controversy because the disputed activities in Bennington (1) were undertaken not by Johnson Industrial but by a separate business entity not party to any agreement with Local 257 and (2) occurred prior to execution of the memorandum that empowered the trade board to arbitrate disputes between Johnson Industrial and Local 257. These differing contentions have been fully briefed, and the record demonstrates no factual dispute that requires remand of this case to the Superior Court.

Local 257 correctly notes that in so far as the defendant seeks to contest the substantive validity of the arbitration award, the counterclaim seeking to vacate that award was not timely filed.[3] G. L. c. 150C, § 11(b). *Greene* v. *Mari & Sons Flooring,* 362 Mass. 560 (1972). *Painters Dist. Council No. 35* v. *J.A.L. Painting, Inc.,* 11 Mass. App. Ct. 698 (1981). Johnson Industrial, however, has contended throughout these proceedings that the trade board was without jurisdiction over the matter arbitrated. A petition to vacate on such grounds is not subject to the thirty-day filing requirement of § 11(b). *M.S. Kelliher Co.* v. *Wakefield,* 346 Mass. 645, 647 (1964) ("the question whether the award was in excess of the authority conferred on the arbitrators is always open"). See also *J.F. Fitzgerald Constr. Co.* v. *Southbridge Water Supply Co.,* 304 Mass. 130, 134 (1939). *Sheahan* v. *School Comm. of Worcester,* 359 Mass. 702, 709-711 (1971). *Greene* v. *Mari & Sons Flooring, supra* at 562. Therefore, Johnson Industrial's

---

[3] Chapter 150C, § 11(b), requires that a petition to vacate an arbitration award must be filed within thirty days of receipt of the abitrator's decision. In this case, Johnson Industrial's petition was not filed until more than four months had elapsed from the date of the decision. Johnson Industrial, while contesting the technical adequacy of the notice it received, apparently concedes that it received a copy of the decision shortly after it was rendered. Compare *Sheahan* v. *School Comm. of Worcester,* 359 Mass. 702, 710 (1971).

counterclaim to vacate the arbitration award was not subject to the time limitations of § 11(*b*).

Johnson Industrial's contention that the trade board was without jurisdiction to arbitrate the controversy because the disputed activities in Bennington, Vermont, occurred prior to the execution of the memorandum has merit. The record demonstrates that the work in Bennington was completed *prior* to the commencement of the project in Williamstown and *prior* to the date that Johnson Industrial entered into a memorandum with Local 257. That memorandum bound Johnson Industrial to abide by the collective bargaining agreement "with respect to work performed by [Johnson Industrial] in the [j]urisdiction of [Local 257]." The memorandum did not give the trade board established by the Local 257 collective bargaining agreement the right to arbitrate disputes that arose before the signing of the memorandum. Thus, the trade board exceeded its authority in taking jurisdiction of the dispute.

*Judgment affirmed.*