Forte, J.
This action was commenced in the Superior Court Department against Local 285 (Union) and against its business agent, Guy C. Lucia. The Superior Court Department dismissed the action as to Lucia and later remanded the action against the Union to the Marlborough Division of the District Court Department. There the Union’s motion for summaryjudgment was allowed, from which Bradshaw claimed a report.
In his complaint, the plaintiff alleges: (1) the Union failed to provide fair representation in the prosecution of his grievance through arbitration; and (2) negligently represented him under G.L.C. 31 - Civil Service.
The documents before the hearing judge indicate that the plaintiff was a civil service employee for the City of Marlborough and a member of the defendant Union. On November 21, 1981, in the course of his duties, he damaged city property. Pursuant to G.L. c. 31, the public works commission suspended the plaintiff for five days, which action was upheld by the Mayor following a hearing.
The business agent, Lucia, discussed with the plaintiff the latter’s option to appeal, but Bradshaw decided to accept the suspension and not appeal.
Subsequently, Marlborough notified the plaintiff that in accordance with G.L. c. 31, §41 a hearing would be held contemplating “further disciplinary action pursuant to the first paragraph of c. 31, §41 of the Massachusetts General Laws. .. .”
The hearing was conducted on January 5, 1982 and as a result the plaintiff was discharged.
Thereafter, the business agent conferred with the plaintiff and explained that the plaintiff had two options: to appeal pursuant to G.L. c. 31; or to pursue the matter to arbitration under the collective bargaining agreement agreed to on October 22, 1980 but which the business agent knew was still unsigned.[2]
This matter having been heard on a motion for summaryjudgment, the issue before us is whether or not there remains a genuine issue as to a material fact, *71 Community National Bank v. Dawes, 369 Mass 550 (1976).
The duty a union owes to its members is to provide fair representation and to refrain from arbitrary or bad faith conduct. Vaca v. Sipes, 383 U.S. 171 (1967); Trinque v. Mount Wachusett Comm. College Faculty Assn., 14 Mass. App. Ct. 191 (1982). To prevail against the union a plaintiff must introduce “substantial evidence of fraud, deceitful action or dishonest conduct.” Humphrey v. Moore, 375 U.S. 335, 348 (1964); Berman v. Drake Motor Lines, 6 Mass. App. Ct. 438 (1978).
The basis of the plaintiffs complaint is that the Union, knowing that its contract with Marlborough was still unsigned, relied on the contract being in effect and providing arbitration.[3]
Although Marlborough had recognized arbitration under the unsigned contract in two prior cases, it raised for the first time in the plaintiffs request for arbitration the issue that the arbitration clause was not in effect because the collective bargaining agreement had not been signed. On this point the Union brought an unfair labor practice against Marlborough before the Labor Relations Commission. The hearing officer ruled in favor of the Union (arbitration in effect), City of Marlborough, 9 MCL 1220 (1982), though later this decision was reversed by the full Commission. City of Marlborough, 9 MLC 1708(1983).
This resulted from the Union’s mistaken conduct as distinguished from deliberate, hostile treatment, Amalgamated Assn. of St., Elec. Ry & Motor Coach Employees v. Lockridge, 403 U.S. 274 (1971) and falls far short of fraud, deceitful action or dishonest conduct. Humphrey v. Moore, supra.
In regard to the plaintiffs second allegation that the Union was negligent in representing him under the Massachusetts Civil Service laws, there is no merit. Without a union contract, there is no legal relationship between the plaintiff and the Union. Condon v. United Steelworkers, 683 F.2d 590 (1st cir. 1982). With a contract the Union’s duty to its members is to provide fair representation and negligence, even if proved, would be insufficient on these facts to support a claim for breach of this duty. Early v. Eastern Transfer, 699 F.2d 552 (1st cir. 1983); Stephens 2v. Postmaster General, 623 F.2d 594 (9th cir. 1980).
There was no error.
Report dismissed.

 Apparently, the business agent was unaware of G.L. e. ÍSOK, §8 whereby binding arbitration in a union contract "shall be tlu* exclusive procedure involving any grievance involving suspension, dismissal.. . .” Furthermore, union members, including the plaintiff, had already received wage increases, increased clothing allowances and other benefits under the collective bargaining agreement even though it remained unsigned.

 Prior collective bargaining agreements between the Union and Marlborough did not provide for arbitration.