Brassard, J.
Plaintiff, Peter Berkowitz, has filed suit against the defendant, Presidents and Fellows of Harvard College (“Harvard”), for breach of contract. Specifically, plaintiff alleges (1) that Harvard breached his contract because the Docket Committee did not properly apply the “clearly without merit” standard when it reviewed his grievance in response to the denial of plaintiffs application for tenure and (2) that the Docket Committee exceeded its authority when it conducted an investigation rather than a preliminary screening in response to plaintiffs grievance. Harvard has filed a motion dismiss claiming that plaintiff has failed to state a claim upon which relief may be granted. For the following reasons, Harvard’s motion is DENIED.
BACKGROUND
Plaintiff joined Harvard’s Department of Government as an Assistant Professor in 1990 and became an Associate Professor in 1994. The Department of Government initiated a review of plaintiff s candidacy for tenure in 1996.
A candidate’s bid for tenure at Harvard is reviewed at several different levels. This procedure is contained in the Teaching Appointments section of the Handbook for the Faculty of Arts and Sciences of Harvard University (the “Handbook"). According to the Handbook, first the candidate’s respective department performs a review of the candidate and votes whether to recommend tenure. Second, an Ad Hoc Committee of scholars reviews the candidate. The Ad Hoc Committee consists of three or four scholars from outside of Harvard and two tenured members of the faculty from outside of the candidate’s department. The final decision on all tenure recommendations is made by the president of Harvard after meeting with the Ad Hoc Committee.
Also contained in the Handbook, in Appendix X, are the Guidelines for the Resolution of Faculty Grievances (the “Guidelines”). The Guidelines recite the process that is followed when an aggrieved party seeks a review of his denial of tenure. According to section one of the Guidelines, the aggrieved party must first take the matter to the appropriate department chair. Under section two, the faculty member consults with the Associate Dean for Academic Affairs. Under section three, if the matter remains unresolved, the party may file a formal grievance for a preliminary screening by the Docket Committee. The Docket Committee, which consists of elected members of the faculty, decides if the party’s complaint is “clearly without merit” and reports its findings to the Dean. If the Docket Committee reaches the conclusion that a complaint is clearly without merit, the complaint is dismissed. If the grievance is not dismissed by the Docket Committee, it proceeds to section four. Under section four, an Ad Hoc Grievance Panel performs an investigation. The Ad Hoc Grievance Panel consists of three individuals: one is selected by the grievant; one is selected by the respondent or relevant department chair; and one is selected by the Docket Committee.
In February 1997, plaintiffs department, the Department of Government, voted in favor of recommending plaintiff for tenure. Thereafter, an Ad Hoc Committee reviewed plaintiffs application. In April 1997, the president rejected the Department of Government’s recommendation and denied tenure to plaintiff.
After plaintiffs request for tenure was denied, he initiated the grievance process pursuant to the Guidelines. Plaintiffs grievance passed through the first two *64 tiers of review. Plaintiff then filed a thirty-eight-page grievance with the Department of Arts and Sciences on January 6, 1999. This grievance alleged a variety of flaws in the process through which the president reached his decision to deny plaintiff s tenure. Consistent with procedure, the dean then forwarded the grievance to the Docket Committee. The Docket Committee reviewed plaintiffs grievance and determined that it was “clearly without merit.” As a result, plaintiffs grievance was dismissed. The Docket Committee also sent plaintiff a Decision Letter explaining why plaintiffs grievance was dismissed. Plaintiffs grievance never reached the Ad Hoc Grievance Panel.
In a final effort to exhaust all possible institutional remedies, plaintiff wrote to Harvard’s Joint Committee on Appointments in July 1999 and to the Faculty Council in September 1999, alleging that the Docket Committee mishandled his grievance and sought a review of his grievance and appointment of an Ad Hoc Grievance Panel. These efforts were unsuccessful.
DISCUSSION
When evaluating the sufficiency of a complaint pursuant to Mass.R.Civ.P. 12 (b)(6), the court must accept as true the allegations of the complaint, as well as any reasonable inferences that can be drawn from the complaint in the plaintiffs favor. Eyal v. Helen Broadcasting Corp., 411 Mass. 426, 429 (1991). The court should not dismiss the complaint for failure to state a claim “unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.” Nader v. Citron, 372 Mass. 96, 98 (1977) (citation omitted).
In order to state a claim for breach of contract, a plaintiff must allege (1) that there was a valid contract; (2) that the defendant breached its duties under the contract; and (3) that the breach caused the plaintiff to suffer damage. Guckenberger v. Boston Univ., 957 F.Sup. 306, 316 (D.Mass. 1997). Plaintiff asserts that the Handbook and the Guidelines constitute a contract between defendants and plaintiff. For the purposes of this motion, Harvard has conceded that the Handbook, including the Guidelines, constitutes a contract between the parties. See O’Brien v. New England Tel. & Tel. Co., 422 Mass. 686, 691-92 (1996).
Plaintiff argues that Harvard breached his contract because the Docket Committee did not properly apply the “clearly without merit” standard.[1] Plaintiff asserts that his grievance presented a valid complaint concerning the role that Professor and Associate Provost Dennis Thompson and his spouse, Associate Dean for Academic Affairs Carol Thompson played in his tenure review process[2] and concerning the lack of expertise and the conflict of interest among the members of the Ad Hoc Committee. Plaintiff claims that when the Docket Committee reviewed this grievance, the “clearly without merit” standard was not applied correctly. Harvard argues that plaintiffs complaint must be dismissed because the court does not have the discretion to review the decision of committees within Harvard. This court however, may review such decisions if a plaintiff asserts that an applicable legal standard was not properly applied. See Schaer v. Brandeis University, 48 Mass.App.Ct. 23, 30 (1999), review granted, 430 Mass. 1112 (1999) (court held that the record, which consisted of “she said” against “he said” evidence, did not support the defendants’ argument that the defendants had properly applied a clear and convincing standard); see also Berman v. Drake Motor Lines, Inc., 6 Mass.App.Ct. 438, 442 (1978) (court can review the decision of an arbitrator in order to determine that it was rendered in a “procedurally fair manner”).
The Appeals Court decided an issue similar to the issue currently before this court in Schaer, 48 Mass.App.Ct. at 30. In Schaer, the plaintiff, a student at Brandéis, was disciplined after a university board on student conduct found that the plaintiff had violated the rights and responsibilities sections of the student handbook. The plaintiff appealed this finding and his appeal was denied by the appeals board. As a result, plaintiff brought an action in Superior Court claiming that the university board did not correctly apply the relevant standard of “clear and convincing evidence” to his case.
In Schaer, the court dismissed the plaintiffs claim stating that the plaintiff had failed to state a claim upon which relief could be granted. Schaer, 48 Mass.App.Ct. at 24. The Appeals Court, however, reversed and held that it was not apparent on what basis the defendants had found that the evidence against the plaintiff was clear and convincing. Similar to Schaer, here, at this stage, the record is unclear with respect to what constitutes “clearly without merit.”
Harvard has provided the court with the Decision Letter[3] which sets forth the reasons why the Docket Committee dismissed plaintiffs grievance. With respect to plaintiffs assertion of the presence of a conflict of interest on the Ad Hoc Committee, the Docket Committee states that “(t]he mere fact of scholarly differences does not amount to bias or conflict of interest.” With respect to plaintiffs assertion that some members of the Ad Hoc Committee lacked expertise in the plaintiffs area of practice, the Docket Committee states that “(w]e are not aware of any requirement that any member of an ad hoc tenure review committee, much less the committee as a whole, be expert in the narrow subject-matter areas of the candidate whom they review.” These statements and the balance of the Decision Letter, while thoughtful and explanatory, do not fully address the “clearly without merit” standard. Again, similar to Schaer, the record at this stage does not adequately define the standard and the Docket Committee’s application of the standard to this case. A review of the papers in this case, including the Decision Letter, persuades this court that it would be inappropriate to resolve the *65 important issues raised by both parties at this early stage on the basis of a limited record. As a result, Harvard’s motion to dismiss is denied.[4]
ORDER
For the foregoing reasons, it is hereby ORDERED that defendant’s motion to dismiss is DENIED.

 Plaintiffs complaint contains two counts. In Count One, plaintiff asserts that the Docket Committee breached plaintiffs contract because the Docket Committee did not (1) properly apply the clearly without merit standard and (2) because the Docket Committee exceeded its duties according to the Guidelines by usurping the role of the Ad Hoc Grievance Panel. Plaintiff claims that, instead of performing a preliminary screening to review whether plaintiffs grievance was clearly without merit, the Docket Committee investigated plaintiffs grievance, which according to plaintiff, was a task reserved for the Ad Hoc Grievance Panel. Plaintiff asserts that if the investigation had been performed by the Ad Hoc Grievance Panel, plaintiffs utilization of the grievance process may have been favorable because of the three members of the Ad Hoc Grievance Panel, one individual would have been chosen by plaintiff, and one individual would have been chosen by the Chair of the Department of Government, who, according to plaintiff, strongly supported plaintiffs bid for tenure. The Docket Committee consists of individuals selected by the Office of the Dean.
In Count Two of plaintiff s complaint, plaintiff asserts that the Docket Committee breached its common law duties to observe substantially its own procedures in reviewing plaintiffs grievance. Plaintiff claims that the Docket Committee breached its duties (1) when it decided that plaintiffs grievance was clearly without merit; (2) when it usurped the role of the Ad Hoc Grievance Panel; and (3) when it did not refer the grievance to the Dean to convene an Ad Hoc Grievance Panel.
For the purposes of this motion, the court will consider whether plaintiffs complaint states a claim upon which relief may be granted regarding (1) whether Harvard breached plaintiffs contract when the Docket Committee determined that plaintiffs grievance was “clearly without merit” and (2) whether Harvard breached plaintiffs contract when the Docket Committee allegedly usurped the role of the Ad Hoc Grievance Panel. Plaintiffs claim of a violation of a common law duty may be duplicative of his contract claims. But see Schaer v. Brandeis University, 48 Mass.App.Ct. 23, 28 (1999) (court stated that it may be wiser to construe a breach of contract claim based on violation of a student manual as a breach of a common law duty on the basis that “it is a requirement of common justice that a person not be deprived of membership in a society, except in accordance with its rules . . .”), citing Gray v. Christian Soc., 137 Mass. 329, 331 (1884).
In addition, with respect to whether plaintiff has stated a claim upon which relief may be granted, the court will consider whether the Docket Committee substantially complied with the Guidelines, not whether the Docket Committee rigidly complied with the Guidelines. See Schaer, 48 Mass.App.Ct. at 28.

In the Decision Letter from the Docket Committee to plaintiff, it appears that plaintiff was concerned that it was improper for Thompson to express his views regarding plaintiffs bid for tenure because Thompson and plaintiff were both members of the Department of Government, because Thompson also serves as an Associate Provost, and because Thompson is married to Carol, the Associate Dean for Academic Affairs. The Decision Letter indicates that plaintiff was concerned that Carol performed administrative functions in connection with plaintiffs tenure review.

Plaintiff refers to this Decision Letter in paragraph 34 of his complaint. Thus, the Decision Letter is considered part of the complaint. See Paulemon v. Tobin, 30 F.3d 307, 308 (2nd Cir. 1994). citing Allen v. Westpoint-Pepperell. Inc.. 945 F.2d 40. 44 (2nd Cir. 1991).

In addition, plaintiff argues that Harvard breached his contract because the Docket Committee violated Section 3(b) of the Guidelines, which grants the Docket Committee authority to perform preliminary screening of a faculty grievance. Plaintiff asserts that the Docket Committee exceeded its authority pursuant to Section 3(b) by conducting a thorough investigation into plaintiffs case rather than a preliminary screening. Plaintiff argues that this thorough inquiry is reserved for the Ad Hoc Grievance Panel pursuant to Section 4 of the Guidelines, which grants the Ad Hoc Grievance Panel the authority to conduct an investigation into faculty grievances, to issue reports, and to recommend reconsideration of decisions to deny tenure. Harvard contends that the Docket Committee did not violate Section 3(b) by performing an investigation and that therefore plaintiffs claim fails because he has not alleged a specific violation of a contract. As stated above, both parties agree that the Guidelines constitute a contract for the purposes of this motion. Plaintiffs allegation that the Docket Committee exceeded its authority under Section 3(b) of the Guidelines may not be dismissed at this time.